## C. E. BRUBAKER, RESPONDENT AND CROSS-APPELLANT, *v.* J. H. BENNETT AND CINNIE BENNETT, APPELLANTS AND CROSS-RESPONDENTS.

MECHANICS' LIEN — CLAIM BY SUB-CONTRACTOR — NOTICE — WHAT IT SHALL CONTAIN — SEC. 1386, R. S. 1898. ATTORNEY'S FEE — RECOVERED BY LIENHOLDER — SPECIAL LAW — SEC. 1400, R. S. 1898. UNCONSTITUTIONAL — CONST., ART. 6, SEC. 26, SUBDIVISION 18.

1. *Mechanics' Lien — Claim by Sub-Contractor — Notice — What It Shall Contain — Sec. 1386, R. S. 1898.*

    Under Sec. 1386, R. S. 1898, a sub-contractor is not required to state, in his notice of intention to claim a mechanics' lien, any of the terms or conditions of the contract between the owner and the original contractor.

2. *Attorney's Fee — Recovery by Lienholder — Special Law — Sec. 1400, R. S. 1898, Unconstitutional — Const., Art. 6, Sec. 26, Subdivision 18.*

    Sec. 1400, R. S. 1898, providing for the recovery of the lienholder, if successful, of an attorney's fee, is a special law, in violation of Art. 6, Sec. 26, Subdiv. 18, Const., and therefore void.

(Decided April 29, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action to foreclose a sub-contractor's mechanics' lien.

On the trial the admission of the notice of lien in evidence was objected to by the defense on the ground that it was not in conformity with the provisions of Sec. 1386, R. S. 1898. The objection was overruled and exception taken.

From a judgment for plaintiff, defendant appeals. *Affirmed.*

At the trial plaintiff asked the court to allow an attorney's fee taxed as costs in pursuance of Sec. 1400, R. S. 1898. Objection was made that the section referred to was unconstitutional. The objection was sustained, and the court refused the request of the plaintiff. From such

refusal plaintiff takes a cross-appeal. The action of the lower court is affirmed.

*Messrs. Pierce, Critchlow & Barrette,* for appellants and cross-respondents.

The lien does not state the price, terms, or conditions of the contract between the owner and the original contractor. It is therefore fatally defective. The only reference whatever in it to the original contract is contained in the following clause :

"The name of the owner of said premises is J. H. Bennett.

"That the said George Morrow is the principal contractor for the erection of said building, and erected the same under a contract with the said owner."

This language is almost identical to the language construed by this court in the case of *Morrison, Merrill & Co.* v. *Willard,* 53 Pac., 833.

The language which the court there construed is as follows :

"Said described premises being the property of B. J. Clayton, who contracted with H. M. Willard and R. Stewart, doing business as Willard & Stewart, to erect said Clayton a residence on above-described premises."

In construing this language the court holds that it is insufficient, and does not satisfy the demands of the statute.

We fail to see any difference between this case and the one at bar. That case was based upon the following authorities : *Gates* v. *Brown,* 25 Pac., 914; Boisot on Mechanics' Liens, Sec. 402.

We therefore submit that the judgment of the lower court should be reversed.

### ON THE CROSS-APPEAL.

Our point, briefly stated, is this: If the section of our statute which allows attorney's fees had given a fee to the

winning party, plaintiff or defendant, then the law would
not be subject to the objections raised, because equal
protection would be granted to both plaintiff and defend-
ant, but when the statute says that the plaintiff shall have
an attorney's fee if he wins, but does not give the same
to defendant if he wins, there is no equality in the law.
Such a law violates the spirit of the amendment to the
Constitution of the United States, and deprives the losing
party of the constitutional right which that instrument
guarantees to him.

We think that the Supreme Court of the United States
has effectively settled the question, in the case of *Gulf
Ry.* v. *Ellis*, 165 U. S., 150; *Coal Co.* v. *Rosser*, 53
Ohio St., 12; 53 Am. St. Rep., 626; *Grand Rapids
Chair Co.* v. *Runnels*, 43 N. W., 1006; 77 Mich., 104;
*Wilder* v. *Chicago Ry.*, 70 Mich., 384.

*W. R. Hutchinson, Esq.*, for respondent.

This statute sets forth clearly and distinctly the aver-
ments which every claim of lien must contain. They are
as follows : The claim must be in writing containing a
notice of intention to hold and claim a lien, and a state-
ment of his demand after deducting all just credits and
set-offs, with the name of the owner, if known, and also
the name of the person and by whom he was employed,
or to whom he furnished the materials, with a statement
of the terms, time given, and conditions of his contract,
specifying the time when the first and last labor was per-
formed, or the first and last materials furnished, and
also a description of the property to be charged with the
lien, sufficient for identification, which claim must be
verified by the oath of himself or some other person.

Counsel for appellant does not claim that this lien is
defective in that it is not drawn in compliance with the

statute.    If from a comparison you find that each pro-
vision of the statute is fully complied with, then the lien
is sufficient in law, and does constitute a claim against the
defendants.

Counsel for appellant makes the further claim that it
does not state the price, terms, or conditions of the con-
tract between the owner and the original contractor.

This position could not be tenable, as the statute does
not require it.    The Mechanics' Lien Law is purely a
creature of statute, and when complied with no objection
will lie.

The statute also requires that the notice shall contain a
statement of the terms, time given, and conditions of his
contract.

The court holds that this requirement of the statute
was not substantially complied with in the above case,
except inferentially.

Counsel has quoted from the last portion of the court's
opinion under the above provisions of the statute, and
cited Boisot on Mechanics' Liens, Sec. 402.    I call the
attention of the court to the distinction between the lan-
guage contained in Sec. 402 of Boisot on Mechanics'
Liens, and the language of our statute.    Sec. 402 of
Boisot on Mechanics' Liens is as follows : "Under a
statute which requires the claim to contain a statement of
the terms and conditions of the contract, if any, a claim
filed by a sub-contractor should set out the terms of the
original contract as well as those of the sub-contractor."

The language of the statute of this State is as follows :
"With a statement of the terms, time given, and con-
ditions of his contract."

The distinction between the two being that the statute
directs that the person making the claim of the lien shall
set out the conditions of his contract, while in the author-

ities cited, the language directs that the claimant shall set out the terms and conditions of *the* contract.

In the case at bar under the Utah statute, the words, "his contract," limits it to the person filing the lien, whether he be the original contractor or sub-contractor, and in this case the Utah statute directs that he shall set out the terms and conditions of *his* contract with the principal contractor, and not the contracts between the owner and the original contractor.

### ON CROSS-APPEAL.

In many of the States attorney's fees are taxed as costs either under the general code provision, allowing attorney's fees, or under special acts allowing them in mechanics' liens. See Boisot on Mechanics' Liens, Par. 674.

In support of the above reference I cite the following cases: *Rapp* v. *Gold Co.*, 16 Pac., 325; 74 Cal., 532; *Wortkan* v. *Kleinschmidt*, 30 Pac., 280; 12 Mont., 316; 43 Pac., 78; *Alice* v. *Distilling Co.*, 29 N. W., 543; 67 Wis., 16.

Statutes containing provisions of like character to the Utah statute have been pronounced constitutional by the courts of Kansas, Illinois, Missouri, Iowa, and Montana, and in these opinions the objections made in the case at bar are deemed groundless; Sec. *R. R. Co.* v. *Mower*, 16 Kan., 573; *R. R. Co.* v. *Duggins*, 199 Ill., 537; *Perkins* v. *R. S. Co.*, 10 Mo., 25; 15 S. W., 320; *R. R. Co.* v. *Day*, 48 N. W., 98, 12 Mont., 316.

BASKIN, J.

This is a suit to foreclose a sub-contractor's mechanics' lien. A demurrer was interposed to the complaint on the ground that no cause of action was stated. The demurrer was overruled, and on the trial the admission of the notice of lien was objected to by the defendant on the ground

that it was not in conformity with the provisions of Section 1386, Rev. Stat. The objection being overruled, the defendant excepted.

The ground of the demurrer urged by appellant's counsel is the same as the ground of said objection. The only defect of the notice claimed by the appellants, is that it fails to state the price, terms, or conditions of the contract between the owner and the original contractor. The section of the statute referred to is as follows:

" Every original contractor, within sixty days after the completion of his contract, and every person, save the original contractor, claiming the benefit of this chapter, must, within forty days after furnishing the last material or performing the last labor for any building, improvement, or structure, or for any alteration, addition to, or repair thereof, or performance of any labor in or furnishing any materials for any mining claim, file for record with the county recorder of the county in which the property or some part thereof is situated, a claim in writing containing a notice of intention to hold and claim a lien, and a statement of his demand, after deducting all just credits and offsets, with the name of the owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the material, with a statement of the terms, time given, and conditions of his contract, specifying the time when the first and last labor was performed, or the first and last materials furnished, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or of some other person." Sec. 1386, Rev. Stat.

Any notice which conforms to the provisions of this section is sufficient, and nothing more than a compliance with these provisions can be required of a lien holder, in order to secure his rights to a lien.

There is nothing in said section to justify the claim of the appellant that any lienholder save the original contractor is required to state in the notice the price, terms, or conditions of the contract between the owner and the original contractor. The only thing in this regard which is required of the sub-contractor is a " statement (in the notice) of his demand, after deducting all just credits and offsets, with the name of the owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, with a statement of the terms, time given, and the conditions of his contract." The sub-contractor does *not* contract with the owner, but with the original contractor, and it is the latter contract which is required to be stated in the notice, with terms, time given, conditions, etc., when the sub-contractor claims a lien. The notice in question does this, and in all other respects conforms to the statute.

We are therefore of the opinion that the demurrer and objection to the admission of said notice, in evidence, were properly overruled.

At the trial of the case the plaintiff asked the court to allow an attorney's fee to be taxed as costs in pursuance of Sec. 1400, Rev. Stat., which is as follows:

" In any action brought to enforce any lien under this chapter, where judgment is rendered for a lienholder, such lienholder shall be entitled to recover a reasonable attorney's fee, not to exceed twenty-five dollars, to be fixed by the court, which shall be taxed as costs in the action."

It was admitted that $25.00 was a reasonable attorney's fee, but the defendants objected to its allowance on the ground that said section violates the provisions of the 14th amendment to the Constitution of the United States, which prohibits a State from denying any person within its jurisdiction the equal protection of the law.

The court refused the request of plaintiff, and from such refusal the plaintiff appeals.

It is a fundamental principle of our government that all persons are entitled to equal rights and equal protection under the law, and that no law shall be enacted which discriminates against one party for the benefit of another. All laws, so far as the nature of the case will permit, should be uniform and general in their operation. This principle is expressed in the State constitution in this language: "In all cases where a general law can be applicable, no special law shall be enacted." Art. 6, Sec. 26, Subd. 18, Const.

In the matter of attorney's fees, or costs in suits, a general law can be made applicable to all parties to the litigation, but Sec. 1400, of the Rev. Stats. is not general, but confers the privilege, upon a certain class of litigants, of recovering as costs, from the opposing party, attorney's fees, a privilege which none but the favored class of litigants can enjoy under the present laws of the State. Such a discrimination in favor of this class of litigants is violative of fundamental principles and of the provisions of the State constitution.

The decree of the court below in sustaining and foreclosing plaintiff's lien is affirmed, with costs, and the action of the court from which plaintiff took his cross-appeal is also affirmed, and it is ordered that plaintiff pay the costs of the cross-appeal.

BARTCH, C. J., concurs.

I am of the opinion that the demurrer should have been sustained, within the holding of *Morrison* v. *Willard*, 17 Utah, 306; 53 Pac., 832. I dissent from that part of the opinion, but concur in other respects.