Wilson, P. J.
This was a suit to enforce a mechanic’s lien. The statement of lien which was the basis of the action sought to charge lot seventeen, in block four, of a certain subdivision of the town of Manitou, of which defendant, Mrs. Perkins, was alleged to be the owner, with a lien for certain rock furnished to the contractors by plaintiff Boyd for the construction of retaining walls, and foundation or basement for a residence on said lot; and also for several accounts for work and labor by different individuals upon said improvements, assigned to plaintiff. The matter was referred to a referee, who made a written report containing findings of fact, and conclusions of law. In accordance with this, judgment was rendered by the court. Whether the findings of fact by the referee were sustained by the evidence, we are unable to determine in all *268 respects, because the evidence submitted to him, if any, outside of a few exhibits, is not preserved in the record, and is not before us.
The defendant strenuously insists that the materials were furnished and the labor done under three separate and distinct contracts, for separate and distinct work, and that hence there is fatal error, because the entire action of plaintiff, both in filing his statement of lien and in seeking to enforce it, is based upon the theory that there was only one contract, and can be maintained only on that theory. In this contention, we think the defendant is wrong. It sufficiently appeared from the exhibits, pleadings, and findings of the referee, that the so-called separate agreements between the defendant and the contractors were simply one contract. All of the work done under the various so-called contracts, had for its purpose the single object of the construction of a residence upon the lot, and a retaining wall about it, in order to hold the ground in proper shape. All of the work, too, was of one single character, that is, stone or rockwork. The first contract, reduced to writing, covered by its terms simply the construction of a retaining wall at one end of the lot. Shortly subsequent to this, it was agreed that the retaining wall should be extended along each side of the premises, and shortly after this, it was further agreed that the contractors should build a foundation wall or basement upon the lot, according to the plans and specifications which would be prepared for a residence for defendant. Both these subsequent agreements were evidenced solely by a letter from the contractors to the defendant, Mrs. Perkins, stating for what sum they would do this additional work, and the referee specially found that all of this work was in contemplation from the first. We think that a fair and reasonable construction of these letters and the contract, in view of the character and object of the work and the attendant circumstances, is that there was in reality only one continuous contract. The letters of the contractors, upon which Mrs. Perkins indorsed her acceptance, were simply modifications or extensions of the original written agreement. This being the case, plain *269 tiff’s right to file a lien dates from the last work done under any of the so-called contracts. If the findings of fact hy the referee be correct, and we must accept them as such, the evidence in support of them not having been brought up for our consideration, the statement of lien was filed within the proper time.
The defendant further insists that the court erred in rendering judgment upon the assigned claims of laborers. Her contention in this respect is that the assignment carried the debt only, and did not carry with it to the assignee, plaintiff, the assignment of any right to a lien ; that, in other words, plaintiff acquired by the assignment the debt simply, and not any right to initiate or enforce a lien for such debt. This question has been considered in this court, and determined adversely to the contention of the defendant. Sprague Inv. Co. v. Mouat L. & Co., 14 Colo. App. 115. This decision was in a case wherein the claim for a lien arose under the act of 1883, as amended by the lien act of 1889. The lien act of 1893, under which the case at bar arises, is practically the same in its provisions so far as concerns the assignment of claims.
Upon two grounds, however, the judgment in this case was fatally defective, and cannot be maintained. The notice of intention to claim a lien was served upon Mrs. Perkins as owner. The lien statement set forth that all' of the work for which, and for the furnishing of materials for which, the lien was claimed, was done upon lot seventeen in block four, of which Mrs. Perkins was alleged to be the owner. The complaint in the suit set forth the same fact. During the trial, however, it seems to have been discovered that a part of the work, — one, at least, of these retaining walls, — was upon lot sixteen, an adjoining lot, and thereupon plaintiff, by leave of the referee upon stipulation of the parties, amended his complaint by alleging that “ the retaining walls described in said complaint were constructed as one continuous wall, extending across the entire front of the above described lot seventeen and said ten feet of lot sixteen and side walls ex *270 tending about parallel with each other from the ends of said front wall in such a way as to hold in place, in connection with said front wall, a single plat of ground, all of which is necessary to the convenient use of a dwelling house to be errected on the house foundation described in plaintiff’s complaint.” Even if it be permissible at any time or under any circumstances to decree a lien upon premises not embraced in the lien statement, it could not be done in this case, because the referee expressly found that the part of lot sixteen sought to be embraced in the lien, was owned by the defendant Perkins, and one Charles J. Perkins, her husband, jointly. If any facts existed which would entitle the plaintiff to claim and the court to decree a lien against the interest of Charles J. Perkins, such facts were neither pleaded nor proved. The judgment in this respect, therefore, cannot be supported.
The other ground upon which this judgment must be held erroneous is that an attorney’s fee was allowed to the plaintiff, and embraced in the judgment. It has been twice expressly held by this court that there could be no judgment for attorneys’ fees under the lien act of 1893, the act being in that respect invalid. Los Angeles Gold Mining Co. v. Campbell, 13 Colo. App. 1; Building Co. v. Building Co., 13 Colo. App. 466.
For these reasons, the judgment must be reversed, and the cause remanded for further proceedings in accordance with this opinion, either party being allowed to amend his pleadings as he may be advised.

Reversed.

Gunter, J., not sitting.