WILLIAM E. OPENSHAW, a minor, by MATILDA O. YOUNG, General Guardian, Appellant, v. JOHN HALFIN, Respondent.

No. 1346.    (63 Pac. 138).

**Failure to Release Mortgage: Action Against Mortgagee Attorney's Fee: Constitutional Law.**

Revised Statutes, section 2006, providing that, if a mortgagee fails to release a mortgage after the satisfaction thereof, the mortgagor may bring an action to compel the release, and may recover costs, including a reasonable attorney's fee, from the mortgagee, is special legislation, in violation of Constitution, article, 1, section 2, declaring that government is instituted for the equal protection of all, and article 6, section 26, subdivision 18, providing that a special law shall not be enacted where a general law is applicable.[1]

---

[1]Brubaker v. Bennett, 19 Utah 401, 57 Pac. 170.

Openshaw v. Halfin.

(Decided March 17, 1902.)

Appeal from the Third District Court, Salt Lake County.—
*Hon. W. C. Hall,* Judge.

Action to compel the cancellation by defendant of a
mortgage which he held upon certain real estate of the plain-
tiff. From a judgment in favor of the defendant, the plain-
tiff appealed.

AFFIRMED.

*Messrs. Rawlins, Thurman, Hurd & Wedgwood* for ap-
pellant.

In·all actions brought to compel the cancellation of any
mortgage, if it appears that the defendant has wrongfully
refused to cancel the same, the plaintiff is entitled by the pro-
visions of section 2006 of the Revised Statutes of 1898, in
addition to the relief of cancellation, to recover not only such
actual damages as he may have sustained, but also a reason-
able attorney's fee for the prosecution of such action. Rev.
Stat. 1898, sec. 2006, p. 470.

The provision of the various statutes providing for the
recovery of an attorney's fee in this class of cases is nothing
more or less than a penalty inflicted for the willful failure of
any person to perform a plain duty enjoined upon him by
statute—a duty which he owes not only to the mortgagor, but
likewise to the public.

Recognizing this fact, the Legislature of every State in
the union has imposed upon the mortgagee a like duty to that
imposed by the provisions of the statute in question. 15
A. and E. Ency. Law, 878; 2 Jones on Mortgages, (2 Ed.),
sec. 989.

It is universally held that a statute requiring railroad

companies to fence their tracks, and imposing double or even treble damages for stock killed on account of defective fences, is constitutional. Missouri Pac. Ry. v. Humes, 115 U. S. 512; Minneapolis and St. Louis Ry. v. Emmons, 149 U. S. 364, 367; Atchison, Topeka and Santa Fe R. R. v. Matthews, 174 U. S. 96, 106.

We can conceive of no difference in principle between the imposition of a penalty for failure to fence its tracks by a railroad company and one imposed upon a person who wrongfully and willfully, or maliciously, refuses to cancel a mortgage in his favor, wrongfully incumbering the public records and clouding the title to the property of an individual.

The recovery of attorney's fees, as an element of damages, in this class of cases is, we contend, irrespective of the statute, also supported by the weight of reason and authority. 1 Sutherland on Damages, p. 142; New Haven & Northampton Ry. Co. v. Hayden, 117 Mass. 433; Pond v. Harris, 113 Mass. 114; Westfield v. Mayo, 122 Mass. 100; Ah Thaie v. Quan Wan et al., 3 Cal. 216.

*Messrs. Pierce, Critchlow & Barrette* for respondent.

We are unable to see any distinction between the case at bar and the case of Brubaker v. Bennett, 19 Utah 401, heretofore decided by this court. We rely absolutely upon that authority.

Furthermore the plaintiff was not entitled to recover attorney's fees either in equity or upon any principle of law with which we are conversant. We believe the law is thoroughly settled that whenever one seeks to make a tender a basis of affirmative relief the money must be paid into court where the creditor can get it if he desires, and this fact must be alleged in the pleadings. 25 Ency. 932; 1 Jones on Mortgages, (5 Ed.), sec. 899; Cruikshank v. Gordon, 118 N. Y. 178; Nelson v. Loder, 132 N. Y. 292; Becker v. Boon,

Openshaw v. Halfin.

61 N. Y. 321; Tuthill v. Morris, 81 N. Y. 94; 3 Estes
Pleadings, (4 Ed.), sec. 5362; Bryan v. Maume, 28 Cal. 238;
Parker v. Beasley, 33 L. R. A. 232, and note; Himmelmann
v. Fitzpatrick, 50 Cal. 650; Crain v. McGoon, 29 A. R. 37.

BASKIN, J.—This is an action to enforce the cancella-
tion by defendant of a mortgage which he held upon certain
real estate of the plaintiff. The complaint alleges that the
plaintiff at various times before the institution of the action
tendered to the defendant the amount due on the note which
the mortgage was given to secure, and requested the defend-
ant to release said mortgage, and that the defendant refused,
and still continues to refuse, to accept said tender and cancel
the mortgage. The answer denied the tender alleged in the
complaint, and alleged that "said plaintiff ought not to re-
cover any attorney's fees, because that part of section 2006
of the Revised Statutes of 1898 providing for an attorney's
fee is unconstitutional and void, because it denies to the de-
fendant the equal protection of the law, in that it gives the
plaintiff an attorney's fee if he obtains judgment, but it does
not make the same provision for the defendant if he secures
judgment against the plaintiff, and that the defendant has
always been ready and willing to accept the amount due on
said note and mortgage, and release said mortgage, and of-
fered to do so before filing his answer. Wherefore he prays
that plaintiff take nothing." The trial court found that the
alleged tender and requests for the release were made, and
that the defendant refused to cancel or discharge the mort-
gage. It further appears from the findings of the trial court
that after the institution of the suit the defendant accepted
the amount tendered by the plaintiff, and on the day of the
trial cancelled the mortgage; that the amount tendered was
paid and received with the express and distinct understanding
that the action should be continued for the purpose of de-
termining the amount of costs and the damages and attor-

ney's fees claimed by the plaintiff. On the trial the court held that the plaintiff was not entitled to anything on account of attorney's fees, and in the decree entered did not embrace any such fees. The appellant assigns as error the action of the court in refusing a recovery for a reasonable attorney's fee. The parties stipulated that, if it should be held that the plaintiff was entitled to recover attorney's fees, $75 would be a reasonable sum for that purpose. No other question is raised in the case.

Section 2006, Revised Statutes 1898, reads as follows: "If the mortgagee fail to discharge or release any mortgage after the same has been fully satisfied, he shall be liable to the mortgagor for double the damages resulting from such failure. Or the mortgagor may bring an action against the mortgagee to compel the discharge or release of the mortgage, after the same has been satisfied. And the judgment of the court must be, that the mortgagee discharge or release the mortgage and pay the mortgagor the costs of suit, including a reasonable attorney's fee, and all damages resulting from such failure." The question here involved is the same as that decided by us in the case of Brubaker v. Bennett, 19 Utah 401, 57 Pac. 170, and that case is decisive of this. The principle involved is fully supported in Railway Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; Wilder v. Railway Co., 70 Mich. 382, 38 N. W. 289; Chair Co. v. Runnels, 77 Mich. 104, 43 N. W. 1006; Coal Co. v. Rosser, 53 Ohio St. 12, 23, 41 N. E. 263, 29 L. R. A. 386. In the latter case the principle is aptly stated as follows: "Upon what principle can a rule of law rest which permits one party or class of people to invoke the action of our tribunals of justice at will, while the other party or another class of citizens does so at the peril of being mulct in an attorney's fee if an honest, but unsuccessful, defense should be imposed? A statute that imposes this restriction upon one citizen or class of citizens, only, denies to him or

them the equal protection of the law. It is true that no provision of the Constitution of 1851 declares in express and direct terms that this may not be done, but nevertheless it violates the fundamental principles upon which our government rests, as they are enunciated and declared by that instrument in the bill of rights. The first section of the Constitution declares that the right to acquire, possess, and protect property is inalienable; and the next section declares, among other things, that 'government is instituted for the equal protection and benefit' of every person." In the declaration of rights in our Constitution (article 1, sec. 2) it is declared that "All political power is inherent in the people; and all free governments are founded on their authority for their equal protection and benefit." Article 6, section 26, subdivision. 18, provides that "in all cases where a general law can be applicable, no special law shall be enacted."

The decree is affirmed, with costs.

MINER, C. J., and BARTCH, J., concur.