[S. F. No. 3903.   Department Two.—January 10, 1907.]

## BUILDERS' SUPPLY DEPOT et al., Respondents, v. DENNIS O'CONNOR et al., Appellants.

MECHANICS' LIENS—ACTION BY SUB-CONTRACTORS — PERSONAL JUDGMENT AGAINST OWNERS.—In an action by sub-contractors to enforce liens for material and labor furnished by them to the contractor for the construction of a building, they are entitled only to enforce their claims against the land; and a personal judgment against the owners is erroneous.

ID.—DELAY IN PERFORMANCE OF CONTRACT—DEDUCTION OF DAMAGES BY OWNERS AGAINST LIEN-HOLDERS.—Where the contract was valid and properly recorded, and the rights of all parties rest upon it, and it provided for the allowance of damages to the owners for delay if the building was not finished in five months, the damages proved by the owners to have resulted from such delay should be deducted from the contract price as against lien-holders.

ID.—CONSTRUCTION OF CODE—PROVISION AGAINST OFFSETS.—The provisions of section 1184 of the Code of Civil Procedure against the diminution of the contract price as to all liens except the contractor's by any indebtedness, offset, or counterclaims in favor of the owners against the contractor, has reference to offsets not arising under the terms of the contract, and as to which from an inspection of the contract, materialmen and laborers could have no notice.

ID.—ATTORNEYS' FEES—UNCONSTITUTIONAL PROVISION.—The provision for attorneys' fees in favor of the plaintiff in mechanics' lien suits, made in section 1195 of the Code of Civil Procedure, in favor of each lien claimant whose lien is established, without any allowance to the defendant, and without like allowance in other cases, is in violation of the fourteenth amendment to the federal constitution, and of the provisions of the state constitution requiring that general laws shall be uniform, prohibiting special laws, and declaring

the ''inalienable rights of all men to acquire, possess, and protect property.''

ID.—COSTS—EXPENSE OF FILING LIENS.—The expense of filing liens is properly included as part of the ''costs and disbursements'' upon foreclosure thereof; and the provision of the code for the allowance of such expense as part of the costs is not unconstitutional.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Mullany, Grant & Cushing, for Appellants.

Appellants were entitled to the offset of damages for delay, arising out of the contract itself.   (*Hampton* v. *Christensen*, 148 Cal. 729, 84 Pac. 200.)

The provision for attorneys' fees is unconstitutional.  So far as it violates the fourteenth amendment it is a federal question, and the decision of the United States Supreme Court on that question is conclusive.   (*Gulf etc. Ry. Co.* v. *Ellis*, 165 U. S. 150, 17 Sup. Ct. 255.)

Barna McKinne, Wal. J. Tuska, and Maurice L. Asher, for Respondents.

The offset was not permissible under section 1184 of the Code of Civil Procedure, construed with section 1201 of that code, forbidding the waiver or impairment of a lien by any term of the contract, without the written consent of the lienholders, and making any term of the contract impairing a lien without such written consent void.   (Code Civ. Proc., sec. 1201.)   Section 1195 of the Code of Civil Procedure, as to the allowance of attorneys' fees as incident to the judgment of foreclosure, has been held constitutional by the district court of appeal with the approval of the court which denied a rehearing in this court.   (*Peckburn* v. *Fox*, 1 Cal. App. 307, 82 Pac. 91.)   *Gulf etc. Ry. Co.* v. *Ellis*, 165 U. S. 150, 17 Sup. Ct. 255, was not a mechanic's lien case, but had relation to damages for the loss of cattle.   It is not analogous.   The liens of the mechanic, artisan, and materialman are famed in law because the parties have in part created the very prop-

erty on which the lien attaches. (*Tuttle* v. *Montford,* 7 Cal.
358; *McCrea* v. *Craig,* 23 Cal. 525; *Humboldt Lumber Co.* v.
*Crisp,* 146 Cal. 688, 106 Am. St. Rep. 75, 81 Pac. 30.)

McFARLAND, J.—Three mechanics' lien cases were con-
solidated and tried together, and judgment was rendered
against Dennis O'Connor and Mary O'Connor, the owners
of the land involved, who appeal from the judgment.

The judgment must be reversed for the following reasons:
1. The actions were not brought by the original contractor;
they were all brought for material and labor furnished by
plaintiffs as sub-contractors. Nevertheless personal judg-
ments were rendered against the appellants. This was error,
as plaintiffs were entitled only to enforce their claims against
the land.

2. There was a written contract between appellants as own-
ers of the land and the contractors, Barth and Scarf, for the
construction of a certain building thereon. This contract was
regular in form and was recorded as provided by the code,
and it is admitted that the rights of all parties rest on said
contract, the contract providing that the building was to be
built for seven thousand five hundred dollars and to be finished
in five months—and if not finished within the five months the
owners were to be allowed whatever damages the delay should
cause. The building was not finished until about two and a
half months after the stipulated time; and appellants averred
and offered evidence to prove that they were damaged by the
delay in the sum of $359.50. Respondents objected to this
evidence, and the court sustained the objection upon the
ground that appellants could not avail themselves of the
damage, even if proved, because of a clause in section 1184
of the Code of Civil Procedure that "As to all liens, except
that of the contractor, the whole contract price shall not be
diminished by any prior or subsequent indebtedness, offset,
or counterclaim, in favor of the reputed owner and against
the contractor." But it was definitely settled in *Hampton* v.
*Christensen,* 148 Cal. 729, [84 Pac. 200], that damages for
failure of the contractor to finish the work within the time
specified in the written contract may be deducted by the
owners as against lienholders, and that "the clause has ref-
erence, in the first place, to offsets not arising under the terms

of the contract, and as to which, from an inspection of the contract, materialmen and laborers could have no notice.'' The opinion in that case is quite full on the point, and we need not further discuss it here. The appellants were therefore entitled to deduct from the amount of the money remaining in their hands whatever damages they suffered for the delay in finishing the building, and the court erred in refusing to allow them to introduce evidence of such damage.

3. The court allowed an attorney's fee in each of the cases, and appellants contend that such allowance was erroneous because the statutory provision directing the allowance of such a fee is unconstitutional and void. In our opinion this contention must be sustained. In a few instances this court has affirmed judgments for plaintiffs in mechanics' lien cases which included attorney's fees; but our attention has not been called to any case where the question of the constitutionality of the statute providing for such fees has been raised, or presented to the court for adjudication. In the case at bar the question has been for the first time raised.

The statutory provision in question is found in section 1195 of the Code of Civil Procedure, and is as follows: ''The court must also allow, as a part of the costs, . . . reasonable attorneys' fees . . . to be allowed to each lien claimant whose lien is established, whether he be plaintiff or defendant.'' It is to be noticed that this section provides for an attorney's fee to plaintiff but not to defendant, even though the latter be successful in the action; and that attorneys' fees are allowed even to plaintiff only in actions under the mechanics' lien law—the general rule being that ''The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties.'' (Code Civ. Proc., sec. 1021.) This provision is in our opinion violative both of the federal and the state constitution—of the fourteenth amendment of the former, which guarantees to every person ''the equal protection of the law,'' and of the provisions of the state constitution which provide that general laws shall be uniform, prohibit special laws, and declare the inalienable rights of all men of acquiring, possessing, and protecting property. A statute which gives an attorney's fee to one party in an action and denies it to the other, and allows such fee in one kind of action and not in other kinds of actions

where, as in the statute here in question, the distinction is not founded on constitutional or natural differences, is clearly violative of the constitutional provisions above noticed.

That said law is violative of the fourteenth amendment to the federal constitution was established by the supreme court of the United States in *Gulf etc. Ry. Co.* v. *Ellis,* 165 U. S. 150, [17 Sup. Ct. 255]. In that case the statute of the state of Texas allowing attorney's fee to any person having a *bona fide* claim against a railroad company for services, or for damages, or for stock killed, was held to be unconstitutional because violative of the said fourteenth amendment. The court, speaking of the statute, said: "It is simply a statute imposing a penalty upon railroad corporations for a failure to pay certain debts. No individuals are thus punished, and no other corporations. The act singles out a certain class of debtors and punishes them when for like delinquencies it punishes no others. They are not treated as other debtors, or equally with other debtors. They cannot appeal to the courts as other litigants under like conditions and with like protection. If litigation terminates adversely to them, they are mulcted in the attorneys' fees of the successful plaintiff; if it terminates in their favor, they recover no attorneys' fees. It is no sufficient answer to say that they are punished only when adjudged to be in the wrong. They do not enter the courts upon equal terms. They must pay attorneys' fees if wrong. They do not recover any if right; while their adversaries recover if right and pay nothing if wrong. In the suits, therefore, to which they are parties they are discriminated against, and are not treated as others. They do not stand equal before the law. They do not receive its equal protection. All this is obvious from a mere inspection of the statute."

In the decisions of several states a statute similar to the one involved has been held unconstitutional. The question is elaborately discussed by the supreme court of Colorado in *Davidson* v. *Jennings,* 27 Colo. 187, [83 Am. St. Rep. 49, 60 Pac. 354], and a statute of that state similar to ours declared void. The opinion rendered in the case is an exhaustive one, and we will make only a few quotations from it. After stating the statutory provisions the court says: "It will be seen that this section imposes a penalty upon the defendant for

exercising, in this class of cases, the common right of making a defense, which is accorded to every other litigant in the courts, by subjecting him to the payment of the plaintiff's attorney's fees if he is successful, without giving him (the defendant) a reciprocal right if he is victorious." And the court further says: "We are unable to perceive any reason why, in actions to enforce their claims for merchandise or material furnished in the erection of a house or for the development of a mining claim, they should be afforded any other or greater rights than are given other merchants who furnish provisions or supplies to persons for family consumption, or that their debtors should not have the same right to contest the justice of their claims upon the same terms and conditions as are afforded to other debtors by the general law of the land. It is no answer to say that the debtor may avoid the imposition of this additional cost by paying his honest debts because the very purpose of the litigation he invokes is to determine whether he owes the debt or not. ·And it is immaterial whether he successfully defeats the larger part of the claim. He may, nevertheless, be mulcted in a sum which will deprive him of any benefit from the defense which he has legitimately established. It is also equally immaterial whether he interposes a vexatious defense or makes an honest though unsuccessful one, or allows judgment to be taken against him by default; he is subjected to the same penalty." Many cases are cited which sustain the opinion. This case was afterwards expressly approved by the courts of Colorado. (See *Perkins* v. *Boyd,* 16 Colo. App. 266, [65 Pac. 350], and cases there cited.)

In *Atkinson* v. *Woodmansee,* 68 Kan. 71, [74 Pac. 640, 64 L. R. A. 325], the supreme court of Kansas held unconstitutional a clause of a Kansas statute as follows: "In any action brought by any artisan or day laborer to enforce any lien under this act, where judgment be rendered for plaintiff, the plaintiff shall be entitled to recover a reasonable attorney's fee to be fixed by the court, which shall be taxed as costs in the action." It will be observed that in this statute the special advantage is given only to the "artisan or day laborer," and not to materialmen, who constitute the main lien claimants in California; but the provision was, nevertheless, held void. The court says: "Under the constitution of the

state of Kansas, artisan and owner, contractor and laborer, are each one possessed of equal and inalienable rights to life, liberty, and the pursuit of happiness. . . . The burden of the law upon them should be as equal and impartial as the law of gravitation, and yet, in the baldest and most arbitrary manner imaginable, this act singles out a certain class of debtors and punishes them, when for like delinquencies it punishes no others,''—and then follows a quotation from the case of *Gulf etc. Ry. Co.* v. *Ellis,* 165 U. S. 150, [17 Sup. Ct. 255], above noticed.

In *Hocking Val. Coal Co.* v. *Rosser,* 53 Ohio St. 12, [41 N. E. 263], the supreme court of Ohio held unconstitutional a statute providing that in an action for wages the plaintiff should recover an attorney's fee. The court said: ''Upon what principle can a rule of law rest which permits one party, or class of people, to invoke the action of our tribunals of justice at will, while the other party, or another class of citizens, does so at the peril of being mulcted in an attorney fee, if an honest but unsuccessful defense should be interposed? A statute that imposes this restriction upon one citizen, or class of citizens, only denies to him or them the equal protection of the law.'' And further the court say: ''Judicial tribunals are provided for the equal protection of every suitor. The right to retain property already in possession is as sacred as the right to recover it when dispossessed. The right to defend against an action to recover money is as necessary as the right to defend one brought to recover specific real or personal property. An adverse result in either case deprives the defeated party of property.''

In *Grand Rapids Chair Co.* v. *Runnels,* 77 Mich. 104, [43 N. W. 1006], the supreme court of Michigan held that a statute authorizing an attorney's fee to be taxed to the party in a judgment for personal services was unconstitutional—being an attempt to give special advantages to one class at the expense of another.

In *Wilder* v. *Chicago Ry. Co.,* 70 Mich. 382, [38 N. W. 289], the supreme court of Michigan held that an act authorizing an attorney's fee against a railroad company in an action for injury to stock was unconstitutional and void. In *Openshaw* v. *Halfin,* 24 Utah, 426, [91 Am. St. Rep. 796, 68 Pac. 138], the supreme court of Utah held that a statute allowing at-

torneys' fees to plaintiff in an action to compel the release of a mortgage was unconstitutional as special legislation, and violative of the constitutional principle of equal protection to all. (See, also, *Durkee* v. *Janesville*, 28 Wis. 464, [9 Am. Rep. 500].)

In the opinions rendered in the cases above noticed there are many citations of authorities sustaining the opinions; but we have been unable to verify these citations on account of the difficulty of access to books since the recent destruction here by fire of law libraries. We are satisfied with the reasoning on the point in the cases which we have cited and quoted from, and deem it unnecessary to discuss the matter further.

Upon the three grounds above stated the judgment must be reversed.

Appellants also make the contention that the court erred in allowing plaintiffs as costs the expense of filing their liens, upon the ground that the statute providing therefor is unconstitutional; but in our opinion this contention is not maintainable. The constitution imposes upon the legislature the duty of providing for these liens; and as the filing of the liens is part of the legislative method of perfecting them, we think that the small expense of such filing is properly included in the phrase "costs and disbursements."

The judgment is reversed, and the cause remanded for a new trial.

Henshaw, J., and Lorigan. J., concurred.

Hearing in Bank denied.