UNITED STATES of America for the Use and Benefit of CHEVRON ASPHALT COMPANY, Plaintiff,

v.

MARYLAND CASUALTY COMPANY, L. R. Wilson & Associates, L. R. Wilson and Robert Navarro, Defendants.

Civ. No. S–1181.

United States District Court, E. D. California.

June 23, 1970.

---

Pillsbury, Madison & Sutro, San Francisco, Cal., for plaintiff.

Acret & Perrochet, Los Angeles, Cal., for defendants.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This is a motion for summary judgment by the plaintiff in a Miller Act case (40 U.S.C. §§ 270a–270d). Defendants concede their liability for the amount of the prayer except for attorney fees. The subcontract and the bond made no provision for award of attorney fees. The only question to be decided is whether attorney fees are awardable in Miller Act cases in California absent a provision to that effect in the contract or surety bond.

Defendants place primary reliance on B. C. Richter Contracting Co. v. Continental Casualty Co., 230 Cal.App.2d 491, 41 Cal.Rptr. 98 (1964). The California District Court of Appeal, applying federal law, held on similar facts that no attorney fees could be awarded. The court first determined that under federal Miller Act law[1] the surety is liable for attorney fees only when its principal, the contractor, would be liable for attorney fees under state law. It then determined that Cal.Govt.Code § 4207, which authorizes payment of attorney fees in actions against the surety on a contractor's bond, was applicable only to public works of the State of California and its political subdivisions and agencies. It concluded that because the project involved was a Federal rather than a state project, § 4207 did not apply and no attorney fees could be awarded. The court rejected the holding of United States for Use and Benefit of Western Steel Co. v. Reliance Insurance of Philadelphia, Pa., 227 F.Supp. 939 (D.Mont. 1964), which had awarded attorney fees under a similar Montana statute. In that case Judge East looked to the state's public policy rather than the express language of the statute. He reasoned that since Montana awarded attorney fees under its equivalent of the Miller Act, the Miller Act plaintiff should also be entitled to attorney fees in federal court. The California District Court of Appeal felt that this ran "counter to the current of federal decisional law." 230 Cal.App.2d at 506–507, 41 Cal.Rptr. at 108. Later federal decisions have vindicated Judge East's view which I adopt to award attorney fees in this case.

The question of whether the court may award attorney fees in Miller Act cases absent some written agreement of the

1. The case actually involved the Capehart Act (12 U.S.C.A. §§ 1748 et seq. & 42 U.S.C.A. §§ 1594 et seq.), but on this question the Acts are the same.

parties has never been directly decided by the Ninth Circuit Court of Appeals. *See* United States for Use of Getz Bros. & Co. v. Markowitz Bros. (Delaware), Inc., 383 F.2d 595, 598 (9th Cir. 1967); Travelers Indemnity Company v. United States, 362 F.2d 896, 899 (9th Cir. 1966). In language which it later characterized as dictum, *see* United States for Use of Getz Bros. & Co. v. Markowitz Bros. (Delaware), Inc., *supra* 383 F.2d at 598, the court indicated that the state law of the forum governed the award of attorney fees in Miller Act cases. *See* Macri v. United States, 353 F.2d 804, 811 (9th Cir. 1965); *see* also Sam Macri & Sons, Inc. v. United States of America, 313 F.2d 119, 130 (9th Cir. 1963). Although other courts are not unanimous[2] I believe the better view is that principally developed in the Fifth Circuit which awards attorney fees when they would be awarded under state law. *See e.g.,* United States Fidelity & Guar. Co. v. Hendry Corporation, 391 F.2d 13 (5th Cir. 1968); Transamerica Insurance Company v. Red Top Metal, Inc., 384 F.2d 752 (5th Cir. 1967); United States for Use and Benefit of Caldwell Foundry and Machine Company v. Texas Construction Company, 237 F.2d 705 (5th Cir. 1955); *see also* United States for Use and Benefit of Western Steel Co. v. Reliance Insurance Co. of Philadelphia, Pa., *supra;* United States for Use and Benefit of Miller & Bentley Equipment Co. v. Kelly, 192 F.Supp. 274, 279 (D.Alaska 1961).

The dispute here is whether to apply the state law literally or to apply the state's public policy as evidenced by its statutes. An examination of the rationale for looking to state law at all provides the answer. The claim for attorney fees must be part of the federal statutory right created by the Miller Act; it does not originate in either common law or California statutes. *See* Transamerica Insurance Company v. Red Top Metal, Inc., *supra* 384 F.2d at 754. It is therefore a matter of federal law which is being decided. The Miller Act is silent on the question of attorney fees. It does not provide that they may or may not be allowed, nor does it specify that the question is to be determined according to state law. *Id.* at 756. The courts therefore look to the purpose of the Miller Act. The Miller Act was passed to provide security to persons who provide labor and materials on federal public works to take the place of mechanics' liens granted under state law to persons who work on private property. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 380, 37 S.Ct. 614, 61 L.Ed 1206 (1917). These persons could not acquire such liens on federal property. Since the Miller Act was intended to take the place of state lien laws, it is natural to attempt to provide the same protection under the Miller Act as is provided under state law. Thus, the courts should seek to provide laborers and materialmen with a cause of action including the same ingredients in federal court collecting under the Miller Act as they would have in state courts collecting for non-federal projects. One of these ingredients is attorney fees.

We see no reason why a contractor whose remedy stems from a federal statute should have the question of attorneys' fees governed by a different law from that governing a contractor whose remedy arises under state law, *when the federal remedy was intended to be in lieu of the state remedy.* Persons who provide labor and materials on public works have no lien rights against the United States. The Miller Act itself reflects the Nation's interest in seeing that mechanics and materialmen engaged in work for the national government are protected at least as well as are those engaged in private work whom the state protects. It seems reasonable therefore to look to state policy to determine whether the "protection" afforded by "payment" encompasses full recoup-

2. *See* United States for Use and Benefit of E. J. Bartello Co. v. Hoffman Construction Co., 163 F.Supp. 296 (E.D.Wash.1958).

ment of all costs and damages, such as attorneys' fees. We hold, therefore, that the supplier's statutory right to "payment" includes the right to attorneys' fees—if the work is performed in a state allowing a supplier on private projects to recover such fees. (Transamerica Insurance Company v. Red Top Metal, Inc., *supra* 384 F.2d at 756) [emphasis in original]

This is not an Erie-type case where the federal court applies state law. United States Fidelity & Guaranty Co. v. Hendry Corporation, *supra* 391 F.2d at 21. In Erie cases the court must apply the law precisely as it exists. Here the court is looking to state law to determine what the federal law should be—filling an interstice in the Miller Act. *Id.* at 21. It is obviously pointless to apply the state law literally when the whole purpose of the federal law in the first place is to *extend* the application of a general principle of state law. State law cannot protect laborers and materialmen working on federal projects because mechanics' liens do not attach on federal property. *See* United States v. Munsey Trust Co., 332 U.S. 234, 241, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947). If a state cannot provide protection for laborers and materialmen working on federal projects, it is likely to have no statute allowing the award of attorney fees in an action brought in such a case. The California District Court of Appeal misconceived the reason for looking to state law and thus applied state law literally rather than looking for a state policy.[3] The application of the state policy is more consistent with the purpose of the Miller Act than application of the literal language of state statutes.

In United States Fidelity & Guaranty Co. v. Hendry Corporation, *supra,* the court awarded attorney fees in the federal case even though the Florida statute allowing attorney fees against the surety applied only to bonds written under the laws of Florida. In Transamerica Insurance Company v. Red Top Metal, Inc., *supra,* the court refused to award attorney fees because the state law did not provide for attorney fees for materialmen in non-federal works projects. Similarly in United States for Use and Benefit of Western Steel Co. v. Reliance Insurance Co. of Philadelphia, Pa., *supra,* the court did not attempt to apply the state statute literally but looked to see if attorney fees would be awarded in a similar action in state court.

■ The use-plaintiff in this case supplied materials which were used in a federal project. I therefore turn to the question of whether in California materialmen in non-federal projects may collect attorney fees in actions to collect for their materials. Materialmen are included in the mechanics' lien statute. *See* Cal.Code of Civ.Proc. § 1181 (West 1968). There is no provision for allowance of attorney fees in enforcing mechanics' liens. Collection of such fees was formerly expressly allowed by statute, but that statute was declared unconstitutional. *See* Builders' Supply Depot v. O'Connor, 150 Cal. 265, 88 P. 982 (1907). Attorney fees are not now allowable. 32 Cal.Jur.2d, Mechanics' Liens § 174 (1956). However, California's version of the Miller Act (Cal. Govt.Code §§ 4200 et seq.) does provide for award of attorney fees to the prevailing party in an action against the surety on the contractor's bond. *See* Cal.Govt.Code § 4207. Defendants have argued that this statute does not express a broad enough public policy to apply to the Miller Act. I disagree. I do not know why California discriminates between laborers and materialmen on private versus state projects. But it does provide for attorney fees on projects covered by mandatory contractor's bonds. Since the federal and state statutes are congruent, this is an ideal

---

3. In defense of the California court I should say that the rationale for looking to state law was not clearly articulated until after its decision. Those cases relied upon by the California Court did not really explain why they were applying state law.

circumstance under the Fifth Circuit rationale to apply the state policy. This was the result reached by Judge East in United States for Use and Benefit of Western Steel Co. v. Reliance Insurance Co. of Philadelphia, Pa., *supra*. I therefore hold that in California in Miller Act cases the court shall award to the prevailing party a reasonable attorney fee, to be taxed as costs, and to be included in the judgment therein rendered.

In this case the plaintiff has prayed for damages of $1,157.07, attorney fees of $350.00, and costs.[4] It appearing that plaintiff is entitled to summary judgment in that amount, plaintiff's motion is granted.

It is so ordered.

---

4. Defendants have not contested plaintiff's claim for interest from November 10, 1968. I therefore assume that L. & E.

Co. v. United States of America, 351 F.2d 880 (9th Cir. 1965), controls and that interest is properly awardable also.