The UNITED STATES of America for the Use of Explosives Corporation of America, a corporation, Plaintiff,

v.

GERBUS BROS. CONSTRUCTION COMPANY, a corporation, and Buckeye Union Insurance Company, a corporation, Defendants.

GERBUS BROS. CONSTRUCTION CO., a corporation, Plaintiff,

v.

EXPLOSIVES CORPORATION OF AMERICA, a corporation, and General Insurance Company of America, a corporation, Defendants.

Civ. A. Nos. 1438, 1494.

United States District Court,
E. D. Kentucky,
Pikeville Division.

Dec. 1, 1972.

DeGarmo, Leedy, Oles & Morrison, Seattle, Wash., Donald P. Moloney, Moloney & Moloney, Lexington, Ky., for plaintiff.

Jacob K. Stein, Albert D. Cash, Jr., and Robert B. Cash, Cincinnati, Ohio, Frank Goften Ware, Covington, Ky., for defendants.

HERMANSDORFER, District Judge.

We consider Motions to Dismiss in two separate civil actions between the same parties and involving the same dispute. Civil Action 1438, The United States of America, for the use of Explosives Corporation of America v. Gerbus Bros. Construction Company, et al, seeks to invoke the Miller Act, 40 U.S.C. § 270b as basis for jurisdiction and, incidentally, to raise a diversity action for breach of contract. 28 U.S.C § 1332. Civil Action 1494, Gerbus Bros. Construction Company v. Explosives Corporation of America, et al, is a diversity action for breach of contract. 28 U.S.C. § 1332. Historically, a third action filed in the Western District of Kentucky at Louisville, No. 7144, Gerbus Bros. Construction Company v. Explosives Corporation of America, et al, was dismissed for improper venue, 28 U.S.C. § 1391, on March 16, 1972.

The underlying dispute arises out of a subcontract entered into on May 17, 1971, between Gerbus Bros. Construction Company (Gerbus) a prime contractor with the United States Army Corps of Engineers under the DACW 27–71–C–0111 contract for federal public work in connection with the Carr Fork Lake Project in the Eastern District of Kentucky. On October 7, 1971, the parties' relationship terminated. Explosives Corporation of America (Explo) filed suit, No. 1438, on October 15, 1971. Gerbus filed suit, No. 1494, on March 24, 1972. Gerbus and Explo each seek the dismissal of the action of the other. We shall consider the Motions to Dismiss separately.

I. Gerbus Motion to Dismiss.

A. Miller Act Claim.

Gerbus turns its Motion to Dismiss Explo's case principally on the allegation that the Miller Act, 40 U.S.C. § 270b, requires a ninety (90) day notice and waiting period before suit may be filed. Accordingly, Gerbus argues the action should be dismissed as premature. In part, 40 U.S.C. § 270b(a) provides:

"Every person who has furnished labor or material in the prosecution of the work [as defined in section 270a] . . . and who has not been paid in full therefor before the expiration period of ninety days after the day on which the last of the labor . . . or material was furnished . . . shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit . . .."

It is apparent from Explo's pleadings that the contractual relations terminated on October 7, 1971. The record shows

Explo filed suit eight (8) days later, October 15, 1971.

We cannot agree for the reasons which follow that the complaint should be dismissed.

■■ The provisions of 40 U.S.C. § 270b are intended to be remedial in nature, and stand in the federal statutes much for the same reason as mechanics and materialmen's liens are found in state laws. U. S. Etc. v. Maryland Casualty Co., 316 F.Supp. 750 (D.C.Cal., 1970). The federal courts have uniformly held liberal construction of section 270b necessary to effectuate the legislative intent, see e.g. U. S. Etc. v. Glassman Constr. Co., 397 F.2d 8 (C.A. Md., 1968); although noting strict adherence to requirements of venue and the one (1) year period during which the right of action abides.

■ Defendant Gerbus first made its Motion to Dismiss on November 5, 1971 and had it been possible to act upon the motion at that time, a dismissal would have amounted to no more than putting the plaintiff to the expense of refiling after the ninety (90) day period had passed. We find no merit in such procedures in view of the philosophy of the federal civil rules. Rule 1, F.R.Civ.P. At the present time, the first opportunity in the normal course of business to reach this case, to dismiss would preclude plaintiff from the opportunity to have his day in court directly against the payment bond required "for the protection of all persons supplying labor and material . . .". 40 U.S.C. § 270a(a)(2).

■ This record is replete with motions designed to protect Explo's cause of action against Gerbus. Abatement of the action until the defect of the notice period is corrected by time has been approved. U. S. Etc. v. Reiten, 313 F.2d 673 (9th Cir., 1963). Explo has tendered an Amended Complaint timely, January 1, 1972, correcting the single flaw related to the waiting period. Rule 15(d) F.R.C.P. This rule contemplates supplemental complaints and, if one determines the ninety (90) day waiting period to be sufficient to make the original complaint defective, the amended pleading is still permissible even though to a defective complaint. That such pleadings should be permitted except where particular contrary cause appears is well settled. Foman v. Davis, 371 U. S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). We find no element of prejudice or unfairness to Gerbus in this on the record.

We find that Explo has taken all reasonable steps with diligence to correct the misstep of premature filing and that the interest of justice would not be served in granting the Motion to Dismiss.

B. Diversity Claim.

■ Plaintiff in its effort to assert viable claims against Gerbus, has attempted to invoke jurisdiction under 28 U.S.C. § 1332. The original complaint does not do more than assert the status of incorporation of the corporate plaintiff and defendants. The tendered Amended Complaint merely incorporates the original allegation. The provisions of 28 U.S.C. § 1332 clearly contemplate that a corporate litigant shall be deemed to be a citizen of the state of its incorporation and a citizen of the state in which it has its principal place of business. 28 U.S.C. § 1332(c); Maryland Casualty Co. v. Baker, 196 F.Supp. 234 (E.D.Ky. 1961).

■ We find it is not necessary to consider other questions raised by Gerbus on this issue. The Motion to Dismiss will be granted for failure to allege jurisdictional facts as to the diversity breach of contract claim.

II. Explo's Motion to Dismiss.

Gerbus, in Civil Action 1494, seeks damages from Explo for breach of contract—the identical contract out of which the action in 1438 arises—and

contends the Court has diversity jurisdiction. 28 U.S.C. § 1332.

Explo's Motion to Dismiss is well taken.

■ To avoid the very situation we have here, Rule 13(a) F.R.C.P. requires the claim of Gerbus be raised by compulsory counterclaim.

Defendant's Motion to Dismiss will be granted without prejudice to plaintiff to file a (compulsory) counterclaim in Civil Action 1438.

An order overruling Gerbus Motion to Dismiss the complaint as to the action brought under 40 U.S.C. § 270b sustaining that motion as to the diversity action filed by Explo; and, sustaining Explo's Motion to Dismiss Civil Action 1494 without prejudice will be entered forthwith.