98  374
126  12

[14971.  Department One. — May 30, 1893.]

F. BRUNNER, SR., ET AL., RESPONDENTS, v. A. MARKS ET AL., APPELLANTS.

MECHANICS' LIENS — LIEN UPON PART OF BUILDING — REMODELING OF BUILDING UPON PART OF LOT — NEW BUILDING. — The rule that a lien cannot be claimed upon part of a building does not apply where liens are claimed for labor and materials furnished in the improvement and construction of additions to a building upon part of a lot, though the contract included the erection of another new building upon another part of the same lot, upon which other liens are claimed.

ID. — FORECLOSURE — DESCRIPTION OF LOT — ADMISSIONS OF PLEADINGS — EVIDENCE. — Where the complaint upon foreclosure of the liens upon the remodeled building describes it as situated upon the entire lot, and its allegation in that respect

is not denied, no issue is raised as to whether or not the lien covers an entire building or only a part thereof, and the defendant cannot introduce evidence against his admission.

ID. — IMMATERIAL VARIANCE BETWEEN CLAIMS OF LIEN AND COMPLAINT. — In such case, the fact that the claims of lien described the building remodeled as situated upon forty-eight feet of the lot, and the complaint described the building as situated upon the entire lot, causes no material variance.

ID. — DESCRIPTION IN CLAIM OF LIEN — IDENTIFICATION. — The description of the land upon which a structure is erected, required to be set out in a claim of lien thereon, is not a technical description, and is demanded only for the purpose of identification.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. L. Carothers*, and *E. H. Wakeman*, for Appellants.

*J. M. Mannon*, and *J. A. Cooper*, for Respondents.

GAROUTTE, J. — In this action judgment was rendered foreclosing certain mechanics' liens, and the appeal is prosecuted from that judgment and the order of the court denying a new trial. Various liens were filed against the property by different mechanics, and actions brought thereon, which were subsequently consolidated under an order of the court. Appellants were the owners of a lot in the city of Ukiah, described as being sixty-six feet front upon State Street, with a depth of eighty-six feet, upon Perkins Street. There was a building situated upon this lot covering a frontage of forty-eight feet at the time the contract was entered into with one Ludwig, upon which this action arose. The contract, as stated by Ludwig, was to build a one-story brick building, and to extend to two stories an old brick building. The old building here referred to is the building covering forty-eight feet of said lot, the one-story building to be erected covering the remaining eighteen feet of the lot. The contract price was eight thousand dollars for the entire work, and one contract covered it all.

Appellant relied upon twenty-nine assignments of errors of law, but states his principal one to be that all the liens but one were filed against that part of the structure situated upon the lot described as having a frontage of forty-eight feet, the remaining lien being filed against that portion of the building not

covered by other liens, "that is to say, all the liens but one are filed against that portion of the structure covered by forty-eight feet frontage, and the remaining one against the balance of the structure, covering about eighteen feet frontage." It will be seen that appellants' contention is that the liens were filed upon a portion of the building, and not upon it all; and that consequently no valid judgment could be rendered foreclosing them, inasmuch as no judgment could embrace more than is included in the claim of lien. This principle is supported by *Willamette S. M. Co.* v. *Kremer*, 94 Cal. 210, where the court said: "The statute gives a lien upon the entire building for any portion of the labor done or materials furnished therefor, and there is no provision for a lien upon a portion of a building, or for the sale of a part of a building to satisfy a lien upon the whole." There can be no question but that a fatal variance might be created between the claim of lien and the complaint upon the one side, and the proof upon the other, by showing that the lien did not cover the entire building; but in the present case the liens, save one, are claimed for labor and materials furnished in the improvement and construction of additions to that certain building or structure situated upon the portion of appellants' lot having forty-eight feet frontage, and covered by the old building. In direct line with the claim made by the lien follows the allegation of the complaint, as follows: "That on or about the twenty-fifth day of October, 1889, the defendant, T. J. Ludwig, entered into a contract with the defendants, A. Marks and B. Marks, whereby the said Ludwig agreed to provide all materials, and add to and change into a two-story brick building the one-story brick building then upon the premises above described." (Referring to the entire lot.) This allegation of the complaint is not denied, and therefore no issue is made by the pleading as to whether or not the claim of lien covers an entire building or only a part thereof. Such being the fact, appellant was not authorized to introduce evidence against his own admission. The findings of the court also fully support the allegations of the complaint in this regard, and the judgment follows the findings. Hence, the difficulties that arose in the Willamette case are not present here. These views also dispose of the ruling of the court upon the question addressed to

the witness Copeland as to the character of the structure erected upon the lot.

The fact that the liens described the building as situated upon forty-eight feet of the lot, and the complaint described the building as situated upon the entire lot, causes no variance and is entirely immaterial. The description of the land upon which the structure is erected, required to be set out in the claim of lien, is not a technical description, and is demanded only for the purposes of identification, although in this case it appears that the description in these liens was technically correct.

Having disposed of appellants' principal point, we will not notice the little ones in detail, but simply say that after a due consideration of them, we think them too small to justify a reversal of the case.

For the foregoing reasons let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.