(36 App. Div. 159.).

FOX v. DAVIDSON.

(Supreme Court, Appellate Division, First Department.    January 20, 1899.)

1. ACTION ON CONTRACT—PLEADING—ISSUES.
    Where the complaint alleged the substantial performance of a certain building contract, except in respect to certain particulars which were waived by defendant,—none of which related to the quantity of the work to be done,—and the answer denied that plaintiff had performed all the conditions of such contract, except the provisions thereof which had been waived by defendant, such denial necessarily put in issue the question whether the contract had been performed, and not merely the question as to a strict and literal performance thereof.

2. SAME—VARIANCE BETWEEN ALLEGATIONS AND PROOFS.
    In an action on a contract, where plaintiff averred substantial performance and defendant denied performance, plaintiff could not, against defendant's objection, recover on the theory that facts existed which excused his nonperformance, as the only issue was whether he had performed the contract in question so as to entitle him to recover under its terms.

3. SAME—PERFORMANCE—EVIDENCE.
    There could be no recovery, in an action on a contract, on the ground of a substantial performance thereof, where plaintiff admitted that he had voluntarily left undone over one-twentieth of the work which he had contracted to perform.

4. SAME—WAIVER OF FORFEITURE—PLEADING.
    Where defendant, on plaintiff's default in the performance of a contract for certain work, proceeded, under a clause thereof, to complete such work at plaintiff's expense, plaintiff could not recover, under allegations of a substantial performance, on the ground that defendant had thereby waived his right to claim a forfeiture, without a pleading tendering such issue.

Appeal from special term, New York county.

Action by Henry E. Fox against Isaac Davidson to foreclose a mechanic's lien. From a judgment of the special term in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Henry. A. Forster, for appellant.
Edmund Luis Mooney, for respondent.

BARRETT, J.    This action is brought to foreclose a mechanic's lien against the premises No. 136 West Eighty-Second street, New York City.   On July 6, 1896, plaintiff entered into a contract with the defendant to erect an extension and complete alterations to the building, and the action is brought to recover a balance alleged to be due under the contract and for extra work.   The theory of the complaint is substantial performance of the contract.   It is first alleged that the contract was made, and that the plaintiff entered upon the work, and "substantially completed" it.   Later it is alleged that the defendant waived the provisions of the contract in certain particulars, and that the plaintiff performed all of its terms and conditions except such as were thus waived.   These waivers related to the time of performance, the supervision of the architect, the necessity of written orders for extra work, and the requirement of the architect's certificate as a condition of payment.   The answer denied "that the plaintiff has done or performed all the terms and

conditions of the agreement mentioned in the complaint upon his
part to be done and performed, except as to the provisions of said
contract which had been waived by the defendant." Inasmuch as
none of the waivers related to the quantity of work, this denial
necessarily put in issue the question of the performance of the work
contracted for. The very technical point is made that the answer
should be construed as denying strict and literal performance, but
not as denying that "substantial" performance alleged in the com-
plaint. To this we cannot accede. In actions on contract the plain-
tiff may recover on two well-defined and contrasting grounds: First,
that he complied with his agreement; second, that he did not thus
comply, but was excused from so doing by the defendant's breach
or waiver, or otherwise. The two classes of cases differ radically
as to the ground upon which a recovery is allowed. In the one case
the ground is compliance; in the other, excused noncompliance.
Cases of substantial performance fall within the first class. The
law disregards trifles, and holds that to be done 'which is substan-
tially done. When the plaintiff avers substantial performance, and
the defendant denies performance, he must clearly be understood as
denying that kind of performance upon which the plaintiff rests.
In this case, therefore, the issue was whether the plaintiff performed
his contract so as to require him to recover under its terms. In such a
case it is well settled that the plaintiff may not, against the de-
fendant's objection, recover upon the other theory that facts existed
excusing his nonperformance. Oakley v. Morton, 11 N. Y. 25, 30;
La Chicotte v. Electric Co., 15 App. Div. 380, 44 N. Y. Supp. 75;
Elting v. Dayton (Sup.) 17 N. Y. Supp. 849, affirmed 144 N. Y. 644,
39 N. E. 493. It follows that the sole question on this appeal is
whether the plaintiff substantially performed. If not, the judg-
ment must be reversed, unless the defendant in some manner waived
the variance between the pleading and the proof offered, and con-
sented to the trial of another issue.

The plaintiff was his own sole witness in chief. He expressly
admitted that he left the work in an uncompleted state. He was
then asked to give the value of the omitted items. This was ob-
jected to on the ground that it was not material to the issue alleged,
namely, substantial performance. The objection was overruled, and
an exception taken. Thereupon the plaintiff testified that the value
of this work was $468 to $473, and that it included lathing and
plastering the cellar, $250 worth of carpentering, some painting, a
range and boiler, some mantel tops, and some gas fixtures. At the
close of the plaintiff's testimony he rested, and the defendant's coun-
sel moved to dismiss upon the ground "that the plaintiff has not
proved the cause of action set forth in the complaint." This motion
was denied, and an exception taken. No amendment was asked for
or granted, and consequently the plaintiff can succeed on this appeal
only in case there is adequate proof of the cause of action alleged.
It is clear, upon the plaintiff's own evidence, that he did not sub-
stantially perform the contract. He admits that he left undone over
one-twentieth of the work, consisting of numerous items. He did
not overlook this work, but simply neglected it; relying upon an

excuse, the validity of which could not be considered upon the' issue tendered by his complaint. Under such circumstances it is plain that there can be no recovery. Whatever may be the rule where the contractor is endeavoring to perform in good faith, and has omitted some slight things by inadvertence, it is well settled that any substantial deviation or omission, made intentionally, will bar a recovery. Glacius v. Black, 50 N. Y. 145; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Crane v. Knubel, 61 N. Y. 645. In such a case the extent of the default, if material, will not be inquired into. Crane v. Knubel, supra. As was said in Van Clief v. Van Vechten, "When the refusal to proceed is willful, the difference between substantial and literal performance is bounded by the line of 'de minimis.'" 130 N. Y. 579, 29 N. E. 1019. We do not, however, wish to be understood as suggesting that, even if the plaintiff had here endeavored fully to perform in good faith, the omissions would have been unsubstantial. It is quite clear that, no matter what his intention was, the failure to do the considerable amount of work which he admitted he did not do was a failure to substantially perform.

The contract contained a clause permitting the defendant, upon the plaintiff's default,—after giving him three days' notice to proceed,—to himself continue the work for the account of the plaintiff, and to deduct the expense of completion from the contract price. It appears inferentially from the defendant's testimony that he served some such notice. It is urged that this prevented him from claiming a forfeiture. The evidence upon this head is quite indefinite; but if we should assume that it showed an election by the defendant to proceed under the contract, and that such an election precludes him from rescinding it, still this cannot aid the plaintiff upon the present appeal. We must repeat,—he alleged performance, and he cannot succeed without proving it. If the defendant thus waived the failure to complete the full quantum of work (as it is alleged that he waived many other provisions of the contract), that can avail the plaintiff only upon a pleading properly tendering the issue. It is true that the fact from which the inference of a waiver in this particular is drawn vaguely appears in the defendant's own direct testimony, but we do not think that this alters the case. The recovery must be secundum allegata et probata. Parties can by consent substitute other issues for those appearing by the pleadings, and such consent may be inferred from the absence of objection to the evidence in support of the substituted issue. But here the defendant explicitly objected to the plaintiff's proceeding or recovering upon any other ground than that alleged, namely, substantial performance. In view of his attitude while the proof in support of the plaintiff's case was being put in, it is impossible to say that he consented to the substitution of any other issue for that alleged. Under such circumstances he cannot be prejudiced by this vague and incidental statement in his testimony. If every fact elicited during the course of a trial could be used in support of issues not pleaded, the greatest confusion would result.

The judgment should be reversed; and a new trial ordered, with costs to the appellant to abide the event. All concur.