[S. F. No. 1186.   Department One.—September 8, 1899.]

## C. A. MACOMBER et al., Respondents, v. L. M. BIGELOW et al., Appellants.

MECHANICS' LIENS—FORECLOSURE—PLEADING—HARMLESS RULING—SUPPORT OF JUDGMENT.—In an action to foreclose mechanics' liens, the overruling of a general demurrer to a second cause of action is harmless and immaterial, if the judgment is based upon and supported by the first cause of action stated in the complaint.

ID.—VOID CONTRACT—EXCAVATION OF LOT FOR BUILDING—REFERENCE TO CONTRACT.—A contract for a building, though void for the want of filing, may be looked to to determine that the work of excavation of the lot for the building done by a subcontractor, was part of the work of construction of the proposed building.

ID.—PLEADING—COMPLETION OF BUILDING.—The complaint of such subcontractor alleging the completion of the building, involves in such allegation the completion of all of its parts, including the necessary work of excavation.

ID.—INVALIDITY OF CONTRACT—EVIDENCE.—The invalidity of the original contract need not be alleged in the complaint of the subcontractor; but it is proper matter of evidence to establish other material facts alleged in the complaint.

ID.—LIENS CONFINED TO PARTICULAR BUILDING.—Liens claimed are properly confined to the particular building upon which the work was done, and the land necessary and convenient for its use, and cannot extend to other buildings specified in the contract.

ID.—TRANSFER OF LIEN—SECURITY—OWNERSHIP.—Where it appears that, prior to the filing of a claim of lien, it was assigned to a third party as security merely, and reassigned to the claimant before the lien was filed, and was transferred to the plaintiff

after it had been filed by the claimant, the ownership of the plaintiff and his title to enforce the lien is established.

ID.—COMPLETION OF EXCAVATION—IMMATERIAL ISSUE—CONSTRUCTION OF BUILDING.—An averment in the answer of the date of completion of the work of excavation presents no material issue, and does not require a finding, where the findings made show that there was no cessation of work, and that the construction of the building was continuously carried on to completion, and the liens were filed within the proper time thereafter.

ID.—IMMATERIAL NEGLIGENCE OF CONTRACTORS.—Averments as to injuries to other buildings specified in the contract, as the result of caving caused by the negligence of the original contractors, for which plaintiffs were not responsible, are immaterial, and do not require a finding.

ID.—LIENS OF GRADERS OF LOT—CONSTRUCTION OF CODE.—The liens of excavators who performed labor and furnished materials for the proper grading of a lot preparatory and necessary to the construction of a building under a void contract, which included such preparatory work, are properly enforced under section 1183 of the Code of Civil Procedure, and not under section 1191 of that Code, which applies only to grading or other improvement of a lot, done independently, and not as a necessary part of the construction of a building.

ID.—VOID CONTRACT—LIENS OF SUBCONTRACTORS—INCLUSION OF EMPLOYEES.—Under the code, subcontractors, though the contract is void, may include in their claims of lien the work done not only by employees paid by them, but also that done by employees for whose employment they have become liable.

ID.—LIENS OF UNPAID EMPLOYEES—APPORTIONMENT.—Unpaid employees may also file a claim of lien for themselves, notwithstanding they have been included in the claim of the subcontractor. In such case, equity will apportion the liens according to their respective rights as between themselves, and will deduct the liens allowed to the employees from that which the subcontractor would have been otherwise entitled to enforce.

ID.—INTEREST — UNLIQUIDATED DEMAND OF SUBCONTRACTOR. — Interest cannot be allowed upon an unliquidated demand in favor of a subcontractor for the unascertained value of the work done and materials furnished by him, until the amount thereof is fixed by judgment in his favor.

ID.—FIXED COMPENSATION OF EMPLOYEES—ALLOWANCE OF INTEREST —LOSS OF SUBCONTRACTOR.—Where the subcontractor employed others at a fixed compensation, the court, in allowing their claims of lien, may properly allow interest thereon, and make the amount a lien upon the property in their favor; but the subcontractor must be made to bear the loss of such interest allowed to his employees, in the proper apportionment of the claims of lien as between them.

ID.—LIBERAL CONSTRUCTION OF MECHANIC'S LIEN LAW—IMMATERIAL VARIANCE BETWEEN CLAIM OF LIEN AND PROOF.—The mechanic's

lien law is a remedial statute, and is to be liberally construed
for the purpose of carrying its object into effect; and if the
claim of lien is sufficient in substance, an immaterial variance
between it and the proof which could not mislead the owner to
his injury will not vitiate the lien.

ID.—EVIDENCE—TESTIMONY OF PARTY—TRANSCRIPT OF STENOGRA-
PHER'S NOTES—ADMISSION.—The testimony of a party to the
suit, proved by the evidence of a stenographer testifying to a
transcript from his notes, is admissible to show an admission
made by such party in the testimony thus proved.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial.   J. M. Seawell, Judge. ·

The facts are stated in the opinion of the court.

Knight & Heggerty, for Appellants.

Bull & Cleary, Crandall & Bull, and Henly & Costello, for
Respondent Macomber.

Crandall & Bull, and Bull & Cleary, for Respondent Tuttle.

Henry E. Monroe, and Hart H. North, for Respondent Depuy.

The COURT.—William Belyea and J. C. Rogers entered into
a written contract with defendant Bigelow to construct for her
a building of eight flats on Bush street, in San Francisco.   This
contract was void for want of filing in the office of the county
recorder.   The assignor of plaintiff Macomber, Thomas Madi-
gan, the assignor of plaintiff Reid, S. H. Depuy, and plaintiff
Tuttle, as subcontractors, each performed and supplied labor
and furnished materials in the construction of said building,
and filed liens on the property, and each of the plaintiffs began
a suit to foreclose his lien.   These suits were consolidated,
and plaintiffs had judgment, from which defendants appeal.
The San Francisco Savings Union and the Metzgers were joined
as defendants because they claimed some interest in the prem-
ises.   After careful consideration of appellants' brief, we have
concluded that the judgment should stand, except as to the
allowance of interest hereinafter directed.

There is no error prejudicial to appellants in the action of
the court in overruling the demurrer to the complaint of plain-

tiff Macomber, for this reason: The demurrer was specially directed to the second cause of action, and the first count of said complaint set out a good cause of action for a foreclosure of plaintiffs' lien, and the judgment in Macomber's favor was based altogether upon this first count or cause of action; and it is therefore immaterial on this appeal whether the second count of said complaint states a cause of action or not, as the judgment appealed from has no need of that portion of the complaint to support it. (*Nevada County etc. Canal Co. v. Kidd*, 37 Cal. 282.)

In the complaint of the plaintiff Tuttle it sufficiently appears that both the work of excavation necessary to be done for the erection of the building and the building itself was completed before the lien was filed and before the action was begun. The excavating was included in the original contract, and this contract, though void, may be looked to to determine what should be treated as a part of the building, and the allegations of the complaint as to the completion of the building apply to all its parts, including the excavations necessary to its construction as contemplated by the said contract. It was not necessary to state in the complaint that the original contract was void, as that was a proper matter of evidence to establish other material facts alleged in the complaint. (*Yancy v. Morton*, 94 Cal. 558.) The demurrer to the Tuttle complaint was therefore properly overruled.

In this case the work for which liens were filed was all done and furnished on and for the new building of "eight flats"; the liens filed by Madigan and Tuttle were therefore properly confined to the lands necessary and convenient to the use and occupation of that particular building, and, the court having the power so to do under section 1185 of the Code of Civil Procedure, properly restricted the lien of Depuy to the same premises. There was nothing to show that the rear portion of the lot, covered by the old buildings, was in any way convenient or necessary to the use of the new building. Though the original contract embraced other buildings, the liens were properly confined to the building upon which the work was done. (*Brunner v. Marks*, 98 Cal. 374.)

The twentieth finding reads as follows: "That on the fifth day

of January, 1894, and not before that time, the said Madigan sold, assigned, and transferred all his right, title, and interest and claim in and to said claim for labor performed by him, together with the claim of lien by which said claim is secured, unto C. H. Macomber, who ever since has been, and now is, the owner and holder thereof."

This finding is supported by the evidence, and it completely disposes of all the issues raised by the pleadings as to the date of the transfer of the claim to Macomber and as to Macomber's ownership thereof, and the precise time when he acquired such ownership. Taken in connection with the other findings it shows that such ownership was first acquired after the claim of lien was filed by Madigan.

There was no evidence tending to support the allegations of fraud and trickery in the answer, and therefore it was not necessary for the court to make any finding as to those allegations. (*Himmelman v. Henry,* 84 Cal. 104.) There was no fraud or wrong in Madigan's including in his claim of lien work done for him on the building by Tuttle and Depuy.

The allegation as to when the grading and excavations were completed tendered an immaterial issue; the thing material was, When was the building completed? and the findings show the date of such completion. Finding 12 shows that the work on the building was carried on without cessation to the time of its completion from the time it began, and fully covers all allegations in the answer as to cessation of work for more than thirty days.

The allegations of the answer as to injuries to the rear houses by caving, the result of Belyea's and Rogers' negligence, were immaterial, and no findings as to such allegations were necessary. These plaintiffs were not responsible for the negligence of Belyea and Rogers.

The claims of plaintiffs are for work and materials necessarily furnished for the construction of a building which was being built under a void builder's contract, and their remedy is properly under section 1183 of the Code of Civil Procedure. Section 1191 of the Code of Civil Procedure applies to grading or other improvement of a lot, done independent of and not as a necessary part of the construction of a building.

That the protection of the mechanics' lien law is not confined to those who actually perform labor, but is extended to subcontractors and others, is settled by the language of the code. (Code Civ. Proc., secs. 1183, 1184.) A fair construction of these sections gives to the subcontractor a lien for the work done on the building by his employees, and this, too, where the original contract is void. If it had been intended by the legislature that a subcontractor should have a lien for nothing except his own personal labor, they should have made the statute read, "Shall have a lien upon the property upon which they have performed labor." Instead of the word "performed" the legislature used the word "bestowed," which means "used" or "placed," and never means "performed." This language shows that it was intended to give a subcontractor a lien for the labor that he caused his employees to perform on the building. The fact that the original contract was void can in no way affect the question under consideration.

The finding hereinbefore referred to, that the work proceeded without cessation, we think warranted by the evidence. There was some conflict in the evidence on this subject, but we think the trial court found in accordance with the preponderance of such evidence.

The judgment was rendered November 12, 1896, and to the extent that it awarded interest prior thereto upon the amount for which judgment was rendered in favor of the assignee of Madigan it was erroneous. His complaint was against Belyea & Rogers as original debtors to Madigan. He had no right to a personal judgment against the defendant Bigelow, but only to enforce a lien against her property. In the case of unrecorded contracts it is provided by section 1183 of the Code of Civil Procedure that all persons by whom the labor is done and the materials furnished "shall have a lien for the value thereof." No personal liability is incurred by the owner, but the land upon which the improvement is made is subjected to a lien therefor in favor of these persons. Madigan had ceased work upon the lot before the excavation was completed, and the value of the work done by him under his contract with Belyea & Rogers was unliquidated and incapable of ascertainment until fixed by the judgment of the court at the trial herein. Under

these facts the court was not authorized to allow interest upon his claim prior to the rendition of its judgment. (*Cox v. Mc-Laughlin*, 76 Cal. 60; 9 Am. St. Rep. 164; *Easterbrook v. Far-quharson*, 110 Cal. 311; *Swinnerton v. Argonaut Co.*, 112 Cal. 375.)

Tuttle and Depuy were, however, employed by Madigan at fixed rates of compensation, which they were entitled to receive from him upon the completion of their work, and the court properly allowed them interest thereon (Civ. Code, sec. 3287; *Pacific Mut. Life Ins. Co. v. Fisher*, 106 Cal. 233), and made the amount of their judgments liens upon the property of Bigelow. As Madigan was personally liable to them under this employment, it was proper for him to include in his claim of lien the value of the work done by them. The statute, however, gives a right of lien to them also, and they were not precluded by his filing a lien from filing a claim of lien in their own behalf, since they could not know whether he would prosecute his claim to judgment. In enforcing these liens, however, a court of equity would render judgment in favor of each according to the amount which it should determine each was entitled to receive. As between Tuttle, Depuy, and Madigan, equity will apportion the liens according to their respective rights *inter sese*, and will deduct whatever amount Tuttle and Depuy are entitled to enforce as a lien upon the property from the amount which Madigan would have been entitled to enforce except for their claims against him. The property is subject to a lien for only the "value" of the work done; but if Madigan, by his dealings with Tuttle and Depuy, has given them a right against him for a greater sum than he could enforce against the property, the loss must be borne by him.

The assignment of Madigan's claim to another as security merely, and its reassignment to Madigan, prior to the filing by Madigan of a claim of lien, left Madigan clearly the owner of the claim at the time he filed his claim of lien, and fully warranted the conclusion reached by the trial court as to the ownership of such claim.

A careful examination of the several complaints and claims of lien discloses no material variance between the evidence on the one hand and the complaints and claims of lien on the

other. "The statute is a remedial statute, and, for the purpose of carrying into effect the object for which it was enacted, is to receive a liberal construction, and the notices which, under its provisions, are required to be given, have regard to substance rather than to form." (*McGinty v. Morgan*, 122 Cal. 103.) The variances complained of by appellants are trivial, do not go to any matter of substance, and could not have misled the appellants to their injury in any way.

Plaintiffs called one Williamson as a witness, who testified that he was a stenographer and typewriter, and that the writing handed him "was a transcript from his shorthand notes which he took July 18, 1893, of Mrs. Bigelow's testimony, and that it was correct to the best of his recollection and ability." Respondent then offered in evidence, "as an admission in the case," the declarations of the defendant Bigelow, contained in the said transcript. There was no error in overruling the objection made to this evidence. It was not offered as a deposition, but as an admission of a party to the suit.

There are some nine other alleged errors of the court in ruling upon the admission of evidence that need not be discussed further than to say that in none of them was there any error prejudicial to appellants. The motion for a nonsuit was properly denied, and there was evidence to support each finding of the court.

The order denying a new trial is affirmed. The superior court is directed to modify its judgment in accordance with the views herein presented, and as so modified the judgment will stand affirmed.

Hearing in Bank denied.