FOX v. DAVIDSON.

(Supreme Court, Appellate Division, First Department. February 9, 1906.)

MECHANICS' LIENS—JUDGMENT—INTEREST—UNLIQUIDATED DEMAND.

Where, in an action to foreclose a mechanic's lien, the amount of plaintiff's claim depended, among other things, on the reasonable value of certain work, labor, and materials embraced in the contract, but unperformed by the contractor, and the precise amount due was neither fixed nor ascertainable by mere mathematical calculation, the demand was not liquidated, and therefore did not draw interest.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interest, §§ 35–40; vol. 34, Cent. Dig. Mechanics' Liens, § 283.]

Appeal from Special Term, New York County.

Action by Henry E. Fox against Isaac Davidson. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Henry A. Forster, for appellant.
Edmund L. Mooney, for respondent.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien. It is said to have been before this court in one phase or another six times, and attention is drawn to three opinions on appeal herein. 36 App. Div. 159, 55 N. Y. Supp. 524; 40 App. Div. 620, 58 N. Y. Supp. 147; 65 App. Div. 262, 73 N. Y. Supp. 533. The law of the case under the amended complaint is well settled. We do not deem it important on this appeal to review either the facts or the law on the main issues, for the reason that the trial involved the application of facts found to settled principles of law with respect to the right to recover in such an action when full and substantial performance has been waived or prevented by the defendant, and the excuse for nonperformance has been properly pleaded, and where the lien as filed was excessive, but the claim was not willfully exaggerated. We have considered all of the points presented by the appellant, and have reached the conclusion that the learned trial justice properly decided the issues in all respects, except in allowing a recovery for interest. In his amended complaint plaintiff demanded judgment for $7,355 principal and interest thereon. His recovery was for only $5,484.90. The amount of the plaintiff's claim depended upon, among other things, the reasonable value of certain work, labor, and material embraced in the contract, but left unperformed by the contractor. This required proof both as to the items of work not done and the fair value of performing the same according to the contract. The precise amount due to the plaintiff was neither fixed nor could it be ascertained by a mere mathematical calculation; and therefore it cannot be said that the claim was liquidated and drew interest. Excelsior Terra Cotta Co. v. Harde, 90 App. Div. 4, 85 N. Y. Supp. 732, affirmed 181 N. Y. 11, 73 N. E. 494.

It follows that the judgment should be modified, by reducing the recovery by $2,594.34, the amount of interest allowed, and, as so modified, affirmed, without costs. All concur.