(125 App. Div. 725.)

### ZIMMERMANN v. LOFT et al.

(Supreme Court, Appellate Division, First Department.  May 8, 1908.)

1. CONTRACTS—ACTIONS—GROUNDS—PERFORMANCE BY PLAINTIFF — NECESSITY OF SHOWING.

A proposition by a contractor to a builder to do certain work for $3,040 was rejected by the builder. and thereupon the parties met for the purpose of reducing the amount of the bid by omitting certain things included therein, and an agreement was then entered into by which the contractor agreed to furnish certain materials and do certain work for $2,450. *Held* that, where the contract entered into was complete in itself,

definite as to terms, and not in any respect ambiguous, recovery could not be had thereon on the theory that the work was performed· according to the original rejected proposition except as to such matters as were omitted in the contract finally entered into, where a performance of the contract actually made according to the plans and specifications forming a part thereof was not shown.

**2. SAME—CONSTRUCTION—OTHER INSTRUMENTS.**

A building contract complete in itself, definite in its terms, and not ambiguous will be construed according to its terms, though to so construe it without reference to a former proposition made by the contractor which had been rejected would require the contractor to furnish more than he had· proposed by the rejected proposition to furnish for a much greater sum; the contractor's remedy, if the contract as signed did not express the agreement of the parties, being to have it reformed.

**3. MECHANICS' LIENS—ENFORCEMENT—JUDGMENT—PERSONAL JUDGMENT.**

A personal judgment in an action to foreclose a mechanic's lien cannot be had against a builder employed by the owner with whom the contractor seeking to enforce the lien had no relations; his contract having been made with a contractor employed by the builder.

**4. SAME—AMOUNT OF RECOVERY—INTEREST.**

Where, in an action to enforce a mechanic's lien, the amount claimed in the action for extra work was unliquidated, and where certain amounts had to be deducted from the contract price because of the contractor's failure to complete the contract, which amounts could only be ascertained by proof at the trial, the contractor was not entitled to interest on the amounts found to be due him.

Appeal from Special Term.

Action by Louis J. Zimmermann against George W. Loft and others to enforce a mechanic's lien. From a judgment for plaintiff and one of defendants, the other defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Paul Armitage, for appellants.

Frank M. Avery, for respondents.

.McLAUGHLIN, J. The defendant Loft had a lease of a certain building in the city of New York, and, desiring to make alterations therein, entered into a contract with the defendant Rieser to furnish the materials and do the work according to certain plans and specifications which had previously been prepared. Rieser then entered into a contract with the defendant Blom to furnish a part of the materials and do a part of the work, and he, in turn, entered into a contract with the plaintiff to do the iron work. Plaintiff, claiming to have performed his contract, and not having been paid therefor, filed notice of a mechanic's lien against Loft as lessee and Blom as contractor, and this action was brought to foreclose such lien and for a sale. Blom, having also filed notice of a mechanic's lien against Loft as lessee and Rieser as contractor, was made a defendant. He interposed an answer, in which he asked that his lien be foreclosed, and that a sale be had. Loft and Rieser interposed separate answers; each denying the material allegations of the complaint, and the latter also alleging payment in full to Blom of any and all sums due him under the contract, and setting up, as a counterclaim, his failure to perform by reason of which

Rieser had been damaged to the amount of $539.50, for which sum judgment was demanded against Blom. The validity of the counter-claim was put in issue by appropriate replies. The court found in favor of the plaintiff and also in favor of Blom, and directed a foreclosure and sale. Judgment was entered to this effect, from which Loft and Rieser have appealed.

At the trial the principal issue litigated was whether Blom had performed his contract with Rieser; it being conceded, at least it was not contested, that, if he has, plaintiff was entitled to recover. Upon this issue much evidence was introduced. The conclusion at which I have arrived renders it unnecessary to review this evidence at length, for the reason that the trial proceeded upon an erroneous theory, and the finding that Blom had fully performed his contract, or at least to such an extent as entitled him to recover, is not only contrary to the allegations of his answer, but unsupported by the evidence. It appeared that Blom made a proposal to Rieser in the form of a letter, dated April 20, 1905 (the date in the record of this letter is April 30th, but it is conceded by counsel for all of the parties that this is an error and should have been the 20th), to do certain work and furnish certain materials, which he specified, for the sum of $3,040. The proposition thus made was not accepted, and a meeting was then had between Blom and Rieser's representative for the purpose of reducing the amount of the bid by omitting certain things included in the proposal. This meeting resulted in an agreement by which Blom was to furnish certain materials and do certain work for $2,450. The agreement was in the form of a written proposition from Blom to Rieser, dated the 24th of April, 1905, and accepted by the latter on that day. By this agreement Blom undertook "to make all the alterations and furnish new work, set same in position, all as called for on plans and specifications. Anything omitted in the specifications and marked on plans or vice versa will be considered as part of this contract, * * *" except certain specified items which were not included. Then followed a provision to the effect that the work was to be done to the satisfaction of an architect named, whose decision was to be binding upon both parties. At the time the agreement was signed the specifications referred to therein were produced, upon which Blom wrote the words: "Accepted. Frans L. Blom." The plans were also produced. The contract thus made was complete in itself, definite as to terms, and not in any respect ambiguous, and, to entitle Blom and his subcontractor the plaintiff to recover, proof had to be given showing a substantial performance, except in so far as the same had been waived or modified by subsequent agreement. This fact was appreciated by counsel for the plaintiff, as appears from the allegations of the complaint alleging substantial performance except in so far as the same was waived, and also by Blom in the answer interposed by him. The agreement of April 24th is referred to and made a part of his answer, and he alleges full performance, with the exception "of furnishing said store fronts and hardware so as aforesaid omitted by mutual agreement, and with the exception of hanging four doors and affixing certain hardware."

At the trial no effort seems to have been made towards establishing that Blom had, in fact, performed this contract. The evidence is clearly to the contrary. Indeed, as to many of the items—which were a substantial part of the contract—the fact is not disputed that he did not furnish the materials or perform the work called for in the specifications. Blom knew that the specifications were a part of the contract. He testified:

"The purpose of putting my signature to these specifications and saying, 'Accepted by Frans L. Blom,' was on the understanding that I was to do what is called for there."

Notwithstanding the contract and a failure to show performance, plaintiff has been permitted to recover, and also Blom, upon the theory that the latter furnished all the labor specified in his proposal of April 20th, except such as was thereafter omitted. The proposal of April 20th had nothing to do with the question to be determined. That proposition was rejected, and was so understood by Blom himself. Referring to this letter he testified:

"That first letter was absolutely not part of my contract. Therefore I never considered it."

There is therefore no basis for the finding that the materials to be furnished and the labor to be performed by Blom were those which he had specified and set forth "in his proposal of April 20th, 1905, * * * less certain labor and materials which, by mutual agreement, * * * had been agreed to be omitted therefrom." The exception to this finding is well taken, and, the judgment being predicated upon it, makes a reversal necessary.

Plaintiff's counsel contends that to construe the contract as above indicated required Blom to furnish more materials and do more work than he would have been required to furnish or do under the proposition of April 20th. That may be, but it is no reason why an erroneous construction should be put upon the contract, the terms of which are clear and which was deliberately entered into. If the contract as signed does not clearly express the agreement of the parties, that may be a reason why it should be reformed, but, until reformed, it is the duty of the court to enforce it according to its terms. Inasmuch as there must be a new trial, it may not be out of place to call attention to the fact that the plaintiff was not entitled to a personal judgment against Rieser. Gilmour v. Colcord, 183 N. Y. 342, 76 N. E. 273. He had no relations with him. His contract was with Blom, and, while he might be entitled, under certain circumstances, to a personal judgment against the latter, he could not obtain one against the former.

Nor do I think, under the facts, that Blom was entitled to interest. The amount claimed for extra work was unliquidated, and concededly certain amounts had to be deducted from the contract price by reason of Blom's failure to complete the contract. Both of these amounts could only be ascertained by proof at the trial. Excelsior Terra Cotta Company v. Harde, 90 App. Div. 4, 85 N. Y. Supp. 732; affirmed 181

N. Y. 11, 73 N. E. 494, 106 Am. St. Rep. 493; Fox v. Davidson, 111 App. Div. 174, 97 N. Y. Supp. 603.

The judgment appealed from, therefore, must be reversed and a new trial ordered, with costs to appellants to abide event.   All concur.