[Civ. No. 420.    First Appellate District.—May 18, 1908.]

## F. J. FARNHAM and M. C. TURNER, Respondents, v. CALIFORNIA SAFE DEPOSIT AND TRUST COMPANY and CALIFORNIA HOME BUILDING LOAN COMPANY, Appellants.

Mechanics' Liens — Improvements in Building — Entire Undertaking — Commencement of Time for Filing Liens.— Where improvements in a large building of seventeen rooms made by the owners consisted of an entire undertaking, which it took nearly two years to complete, the time for filing liens began to date from the actual or constructive completion of the work.

Id.—Part Occupation by Owners—Continuance of Improvements.— The occupation of the upper part of the building by the owners before the work was half completed, which was not inconsistent with the further progress and completion of the improvements, could not have the effect to start the time running for the filing of liens.

Id.—Cessation of Labor by Claimant—Absence of Notice by Owner—Time for Filing Lien.—Where the whole work was done by the owner, without the intervention of a contractor, the claimant of a lien who had ceased work, no notice of such cessation or of the completion of the work being filed by the owners, had ninety days from the actual or constructive completion of the entire work in which to file his liens.

Id.—Constructive Completion.—If the building was not actually completed when all work ceased thereon, it must be deemed completed thirty days thereafter, and a claimant of lien has ninety days from that period in which to file his lien, if no notice of cessation or completion is filed by the owners.

Id.—Priority of Liens to Deed of Trust.—Where the work of reconstruction of the building was commenced and all materials were furnished therefor about one year before the execution or record of a deed of trust, the lien for work and materials has priority by relation, and will prevail over such deed under the terms of section 1180 of the Code of Civil Procedure.

Id.— Employment of Foreman Carpenter by Day — Amount of Wages Exceeding $1,000 — Filing not Required.— A foreman carpenter employed by the owners by the day, the amount of whose wages finally exceeded the sum of $1,000, was not employed under a void contract, because it was not in writing and filed for record, where his employment was neither for a definite period nor for a definite amount of work; and it could not be ascertained at the

time of his employment whether the aggregate amount of his wages would exceed $1,000, and there was no one under him who could claim a lien against his wages.

ID.— ALLOWANCE OF INTEREST.— Interest is allowed on a claim of lien from the commencement of an action to foreclose the same, where the claim is capable of being made certain either by computation or reference to market values; but where the claim is on a *quantum meruit* for the reasonable value of services, it is not susceptible of such computation, and does not bear interest prior to the judgment.

ID.—APPELLANTS NOT PARTIES—RIGHT TO INTEREST NOT AFFECTED.— The circumstance that the appellants claiming under a deed of trust were not parties to any of the claims of lien, and that they were contracted without their knowledge, does not affect the right of the lien of the lienholders to interest.

ID.—PERSONAL JUDGMENT AGAINST OWNER.—Where the work and material were furnished at the instance of the owner, the lienholders are entitled to a personal judgment against the owners, as well as to a judgment foreclosing their liens.

ID.— ATTORNEYS' FEES NOT ALLOWABLE.—No attorneys' fees can be allowed in an action to foreclose mechanics' liens.

APPEAL from a judgment foreclosing mechanics' liens in the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Joseph Hutchinson, for Appellants.

J. E. McElroy, and C. L. Colvin, for Respondents.

KERRIGAN, J.—Three suits to foreclose mechanics' liens were brought against T. E. Pope, George M. Seaton and Mary Shinn Seaton, and the two corporations above named, which suits were by order of the court consolidated. Plaintiffs obtained judgment, which provided, among other things, that the amounts found due constituted liens upon the premises described in the complaint. From this judgment the two defendant corporations have appealed.

Briefly, the facts are as follows: The improvements consisted of a large three-story building, comprising about seventeen rooms, a barn and a tank-house. The court found that

the lots upon which the barn and tank-house were situated were separate from that upon which the principal building stood, and that the labor done and materials furnished for said barn and tank-house had been paid for in full. No lien is claimed on either of these improvements. In March, 1901, the property involved in this action belonged to Bertha Thorndike and Starr M. Bruce, who, about that time, agreed to sell it to the defendants Seaton. There were defects in the title, which the vendors agreed to correct, but it was agreed that the Seatons might, in the meantime, occupy the premises, and, if they desired, make alterations in the building. The defects in the title were corrected, and the property was conveyed to Mary Shinn Seaton, February 25, 1902. In March or April, 1901, Mary Shinn Seaton took possession of the premises and began making alterations in the buildings, and continued to make the same until June 30, 1903, when, according to the findings of the court, all work ceased. An architect was employed to superintend the work, and he made plans and specifications as the work progressed. There was no general contract for the whole work, but the labor was employed by the owners and the materials were furnished to them. The appellants claim under a deed of trust executed and recorded while these alterations were in actual progress, and before the owners had gone into occupation of the improvements as a residence. The lower court held the liens of the plaintiffs valid and prior to the claim of the California Home Building Loan Company. It is from this decision that the defendant corporations appeal. The appeal is from the judgment and from the order denying the motion for a new trial.

1. It took nearly two years to make these alterations; and while we believe with appellants that the work was done in a somewhat fragmentary fashion, yet we do not think that it was done in separate and distinct sections, or that the materials were furnished on separate orders so as to constitute each a separate contract. On the contrary, we are of the view that the trial court was right in holding as it did, that the matter of making the alterations was one entire undertaking, and that the time for filing liens commenced to run when they all were actually or constructively completed.

2. Were the liens filed in time? In discussing these liens we will take Farnham's for illustration, although it is subject to attacks from which the others are exempt. All the liens were filed August 17, 1903.

Thomas E. Pope and the Seatons entered into the occupation of the improvements in August, 1902; and appellants contend that under the terms of section 1187 of the Code of Civil Procedure the building should be deemed completed as of that date. To support this contention they cite *Giant Powder Co.* v. *San Diego Flume Co.,* 78 Cal. 193, [20 Pac. 419]. But the record shows that at this time the work was in active progress, and that but about one-half of the alterations had been made, although the house was finished up to a point where the upper portions could be occupied. Under these circumstances the occupation of the building was not such as was inconsistent with further work on the building, or such as to start the time running for the filing of liens. (*Orlandi* v. *Gray,* 125 Cal. 372, [58 Pac. 15]; *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, [29 Pac. 929].)

3. But appellants assert that even if the occupation be held not to determine the time of completion of the work, the lien was nevertheless filed too late. Farnham's work ceased on the building March 21, 1903, and no notice of cessation of work, as provided for by section 1187 of the Code of Civil Procedure was ever filed by the owners. Appellants claim in this behalf that Farnham's time to file a lien commenced to run when he ceased work; and that, allowing him, under the authority of *Buell* v. *Brown,* 131 Cal. 159, [63 Pac. 167], one hundred and twenty days thereafter, it was twenty-seven days too late, having been filed August 17, 1903. To support this position they repeat their point already considered that the work of reconstruction was a series of disconnected jobs, and not one piece of work carried on in furtherance of one general design. They also assert that the painting, which was the last work on the building, and which was done June 30, 1903, was done for the purpose of keeping alive the liens. The painter was not employed by any of the lienholders, but by the owner, and, so far as appears from the record, he filed no lien. There is nothing in the case to show that the delay was caused by the

connivance of Farnham or any other lienholder. A fair inference from the evidence is that this work was done in the regular progress of the undertaking, and not for the purpose of extending the time. The court, upon what we think is sufficient evidence, found that all work on the building ceased June 30, 1903. Therefore, if the structure was actually completed on that date, the lien was filed in time, because no notice of completion having been filed, the lien might be filed at any time within ninety days from actual completion. If it was not actually completed June 30, 1903, when labor ceased, it was deemed completed thirty days thereafter, and in that event the lien was filed in time. (Code Civ. Proc., sec. 1187; *Buell* v. *Brown,* 131 Cal. 159, [63 Pac. 167].)

This point applies to all the building lienholders.

4. Appellants contend that Farnham's lien was not prior to their claims, and that the court erred in giving it such priority. In support of this contention they again argue that the work was done in separate sections, and that as all the work done prior to the recording of the deed has been paid for, the deed of trust is prior to this lien.

The work of reconstruction was commenced and the materials therefor were furnished about a year before the deed of trust was executed or recorded. Section 1186 of the Code of Civil Procedure provides: "The liens provided for in this chapter are preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished. . . . " Under the terms of this section it is clear that this lien is prior to the deed of trust.

In *McClain* v. *Hutton,* 131 Cal. 144, [61 Pac. 273, 63 Pac. 182], it is held that when the labor and materials are furnished at the instance of the owner without the intervention of a contractor, each relates back to the time the work was done or the materials were commenced to be furnished.

In *Pacific M. L. I. Co.* v. *Fisher,* 106 Cal. 236, [39 Pac. 671], the court says: "The notice of intention specified that the evidence was insufficient to show that the materials for which these defendants claimed a lien 'were furnished or commenced to be furnished prior to the eleventh day of November, 1891, the day on which plaintiff's said mortgage

was recorded.' It is sufficient to say that there was evidence
that a portion of the materials for which they claimed a lien
was furnished in September of that year. Their lien for
all the materials that they furnished for the building would
relate to this date, notwithstanding the fact that another por-
tion was furnished subsequent to November 11th, and under
an express contract. The lien commences when the claimant
begins to furnish the materials, and includes all the materials·
that he may thereafter furnish for the building (*McCrea* v.
*Craig*, 23 Cal. 525), whether they are furnished under an
express contract, in which the terms and quantity are fixed,
or under a contract implied from their purchase and use in
the building, from time to time, as they are needed. The
materialman cannot file his claim of lien until after the com-
pletion of the building, but he must then include in it all
the materials which he has furnished, and not file a separate
lien for those furnished under different contracts; and the
lien for which the claim is thus filed will relate to the time
when he first began to furnish the materials.''

The argument of appellants that Farnham had been paid
for all work done before the recording of the deed of trust,
and therefore that his lien was subject to it, applies to the
lien of Vockel. As to the liens of the materialmen, no claim
is made that the amount of money received by them, or either
of them, was sufficient to pay for the materials furnished up
to the time when the deed of trust was recorded, and the ac-
counts of the Humboldt Lumber Company, and the Califor-
nia Mill and Manufacturing Company, show that only a
small portion of the amount due for the materials so fur-
nished has been paid.

5. Appellants assert that Farnham's contract necessarily
exceeded in amount $1,000, and that as it was not reduced
to writing, it is void under the terms of section 1183 of the
Code of Civil Procedure. Farnham agreed to act as a fore-
man carpenter for all the carpenter work necessary in the
alterations, additions and repairs in the Seaton three-story
frame dwelling-house. He was to receive $3.50 a day for
his own services, and was to employ two men to work under
him, who were to get $3.50 and $2 per day, respectively.
The work was to be done according to plans and specifications
to be made by the architect. Farnham had earned under the

contract $1,869, of which $1,218 had been paid. Appellants' contention in this respect is untenable. Farnham did not undertake the employment as a contractor, but merely as a carpenter at a fixed rate per day. Moreover, his employment was neither for a definite period nor for a definite amount of work, and it could not have been ascertained at the time of his employment whether the aggregate of his wages would exceed the sum of $1,000. The case of *Smith* v. *Bradbury*, 148 Cal. 41, [113 Am. St. Rep. 189, 82 Pac. 367], cited in support of appellants' position, is not in point. There the contractor agreed with the owner to do all the plastering work on a four-story hotel at stipulated prices per square yard, the contractor supplying the materials; and the evidence clearly showed that at the time the contract was made the work to be done under it would necessarily amount to more than $1,000. The court accordingly held that the contract, not having been filed for record as required by section 1183 of the Code of Civil Procedure, must be deemed void, and that the materials furnished to the contractor were to be deemed furnished at the personal instance of the owner. That case is inapplicable here for another reason. There the contractor agreed to employ the labor and furnish the materials; and, of course, in such a case the contract being for over $1,000, it must be in writing and filed for the information of the laborers and materialmen. Here there was no one under Farnham who could claim a lien against his wages.

Farnham's lien is the only one subject to the objection just discussed.

6. Appellants claim that the judgment is erroneous, in that it allows interest on all the claims from the date of the beginning of the suits. They argue that all the claims were disputed, and unliquidated, and that there was no way short of litigation by which appellants, who were strangers to the arrangements between the owners and the lien claimants, could ascertain what the proper amounts were. Its right to recover on all the claims was vested in the lienholders at or before the suits were commenced. Farnham's and Vockel's claims were for services at a fixed rate of compensation per day; the claims of the California Mill and Manufacturing Company, of the Humboldt Lumber Company and of W. L.

Taylor were for materials sold at the market prices. Mc-Carl's claim was not allowed. The claim of Weeks was upon a *quantum meruit*. All the claims except the last one were capable of being made certain either by computation or reference to market rates, and consequently respondents were entitled to recover interest thereon. (*Macomber* v. *Bigelow*, 126 Cal. 15, [58 Pac. 312] ; Civ. Code, sec. 3287.) The claim of Weeks, being for the reasonable value of his services, was not capable of being made certain by calculation, and hence was not entitled to bear interest prior to the judgment. The judgment should be modified in this respect. (*Cox* v. *Mc-Laughlin*, 76 Cal. 67, [18 Pac. 100] ; *Fox* v. *Davidson*, 97 N. Y. Supp. 603, 111 App. Div. 174; *Swinnerton* v. *Argonaut L. & D. Co.*, 112 Cal. 379, [44 Pac. 719].) The circumstance that the appellants were not parties to any of the claims, and that they were contracted without their knowledge, does not affect the right of the lienholders to interest. The appellants claim under the person who incurred the liability, and under an instrument executed after the liability had become a lien against the property, and consequently they have only the rights in the property which the owner had when the deed of trust was executed. In speaking of this matter of interest the supreme court, in *Pacific Mut. Life Ins. Co.* v. *Fisher*, 106 Cal. 224, [39 Pac. 758], said: "And the lien which the statute gives him is as extensive as the claim which it is intended to protect. If a claimant has furnished materials from time to time as they were needed, and receives payment on account, his claim is not 'unliquidated and open to be adjudicated,' as urged by the appellant. At the time he commenced his action to foreclose his lien his right to recover that open account was vested in him, and was capable of being made certain by calculation, and he was also entitled to recover interest thereon from that date."

In the case of *Macomber* v. *Bigelow*, 126 Cal. 15, [58 Pac. 312], relied upon by appellants, the court, in deciding that the lien claimant was not entitled to interest, said that his complaint was against Belyea and Rogers as original debtors to Madigan; that Madigan had no right to a personal judgment against Bigelow, the owner, except to enforce a lien against her property; that "in case of unrecorded contracts it is provided by section 1183 of the Code of Civil Procedure

that all persons by whom labor is done and materials furnished 'shall have a lien for the value thereof.' No personal liability is incurred by the owner, but the land upon which the improvement is made is subjected to a lien therefor in favor of these persons. . . . Under these facts the court was not authorized to allow interest upon his claim prior to the rendition of its judgment.''

In the present case the services were rendered and the materials furnished directly to the owner, and he promised to pay for them. The claimants here are entitled to a personal judgment against the owner, as well as a judgment foreclosing the liens. In that case (*Macomber* v. *Bigelow*), in regard to interest, the court further said: ''Tuttle and Dupuy were, however, employed by Madigan at fixed rates of compensation, which they were entitled to receive from him upon the completion of their work, and the court properly allowed them interest thereon (citing authorities), and made the amount of their judgments liens upon the property of Bigelow.''

7. The present case was decided prior to the decision of the supreme court declaring the provision in section 1195 of the Code of Civil Procedure concerning attorneys' fees in mechanic's lien cases unconstitutional. Three hundred and seventy-five dollars were allowed as counsel fees in the case at bar, and to that extent the judgment is erroneous. (*Builders' Supply Depot* v. *O'Connor*, 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982] ; *Union Lumber Co.* v. *Simon*, 150 Cal. 751, [89 Pac. 1077, 1081].)

8. Appellants also complain of the court's action in permitting witness Farnham to answer a certain question, and that the claims of lien are not true for a number of specified reasons. We have carefully examined these matters, and find no error in respect to any of them.

The judgment is ordered modified by striking therefrom $375 allowed as counsel fees, and $18.45, being the amount of interest allowed on the claim of Weeks from the date of the filing of the complaint to the date of the entry of the judgment; and as thus modified the judgment and order will stand affirmed.

Hall, J., and Cooper, P. J., concurred.