[Civ. No. 1174.   Third Appellate District.—November 11, 1913.]

MERCHANTS COLLECTION AGENCY (a Corporation),
Respondent, v. MILOS M. GOPCEVIC, Appellant.

PLEADING—AMENDMENT OF COMPLAINT—STATUTE OF LIMITATIONS.—A
complaint in an action to recover for medical services, which de-
clares on an express contract and alleges facts sufficient to sustain
a *quantum meruit*, may be amended, over two years after it was
filed, by amplifying the count on the express contract and adding
another count on the *quantum meruit* for the reasonable value of the
services.   Such an amendment is not the substitution of a new cause
of action so as to continue the running of the statute of limitations
until its filing.

ID.—AMENDMENT OF COMPLAINT—INTRODUCTION OF NEW CAUSE OF AC-
TION.—Where a complaint contains all the essential facts of a
*quantum meruit*, the more formal and elaborate statement of them
thereafter in a separate count in an amended complaint cannot be
construed as the introduction of an entirely new cause of action.

ID.—COMMON COUNTS—WHETHER PERMISSIBLE.—The common counts
may be used to state a cause of action, notwithstanding the provi-
sion of section 426 of the Code of Civil Procedure that a complaint
must state the facts constituting the cause of action in ordinary
and concise language.

ID.—ACTION FOR MEDICAL SERVICES—EVIDENCE OF REASONABLE VALUE.—
In this action to recover for medical services, the evidence supports
a judgment in favor of the plaintiff for their reasonable value.

ID.—INTEREST—ALLOWANCE ON UNLIQUIDATED CLAIM BEFORE JUDGMENT.
In an action on an implied contract to pay the reasonable value of
services, interest is not allowable before judgment; and if such al-
lowance is made, the judgment will be modified to that extent on
appeal.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

John F. Davis, Charles S. Wheeler, J. F. Bowie, and W. S.
Andrews, for Appellant.

E. H. Wakeman, for Respondent.

BURNETT, J.—The appeal is from a judgment on an as-
signed claim in favor of plaintiff for the sum of four hun-

dred and eighty dollars with interest in the sum of $125.55. We may adopt the following statement of the proceedings as made by appellant:

"The original complaint was filed on October 13, 1908, and contained but one count. . . . Afterwards the said superior court, over the objection of appellant, made an order, duly excepted to by appellant, permitting the respondent to file an amended complaint, and this amended complaint was filed on June 5, 1911. The amended complaint contained two counts: the first though somewhat amplified was the same count based upon an *express contract* as set forth in the original complaint; the second was an ordinary *quantum meruit* count for the reasonable value of the alleged professional services. Appellant pleaded the statute of limitations to both counts by demurrer and answer and also invoked that statute in his motion for a nonsuit. The court overruled the demurrer, denied the motion for nonsuit and in its findings of fact determined that neither count was barred by the statute of limitations, although the second count on *quantum meruit* was not filed until more than two years after the filing of the original complaint. The court further found that no *express* contract had been made by appellant and respondent's assignor, but it gave respondent judgment for the reasonable value of said services, together with interest thereon from October 13, 1908."

Appellant presents three contentions, as follows: "1. That the second count or cause of action set up in the amended complaint was barred by subdivision 1 of section 339 and subdivision 2 of section 337 of the Code of Civil Procedure. 2. That the evidence is insufficient to justify the finding that Milos M. Gopcevic promised to pay to Walter H. Fearns, respondent's assignor, the reasonable value of the professional services rendered by him. 3. That the lower court erred in granting interest from October 13, 1908, the date of filing the original complaint, upon the sum awarded to respondent as the reasonable value of the professional services rendered by respondent's assignor."

The first proposition is based upon the assumption that the second counts sets forth an entirely different cause of action from that contained in the original complaint, as it is not contended that when the action was brought it was barred by any

statute of limitations. It is argued that according to the original complaint the plaintiff's primary right arose out of the alleged express agreement between the assignor and the defendant and that this is "entirely different and distinct from an obligation implied by law or even from an express agreement to pay the reasonable value of services rendered at another's request."

Decisions from other jurisdictions are cited in support of this view, among which is *Meinshausen* v. *A. Gettelman Brewing Co.,* 133 Wis. 95, [13 L. R. A. (N. S.) 250, 113 N. W. 408], containing the following declaration: "We must hold that the cause of action in *quantum meruit* was separate and independent from the cause of action on express contract, and that no action was commenced on *quantum meruit* until the filing of the amended complaint, at which time that cause of action was barred by the statute of limitations."

But we need not go into other states, as we have the point decided by our supreme court in direct opposition to appellant's contention. The case is the familiar one of *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100], wherein it is held that "A complaint in an action for breach of contract, which as originally framed seeks to recover the contract price of services performed by the plaintiff in pursuance of the contract, together with profits which he would have made, on the ground that he had been technically 'prevented' from completing the contract by the defendant, may be amended so as to aver a claim for the value of the services actually done as upon a *quantum meruit.* Such an amendment is not the substitution of a new cause of action so as to continue the running of the statute of limitations until its filing."

Appellant attempts to make a distinction between that case and this upon the ground that in the former, "though the general frame of the early complaints showed that the pleader was suing on the express contract, the facts alleged in these complaints were sufficient under the liberal principle of code pleading to sustain a *quantum meruit.*" We cannot agree with the opinion of the able counsel for appellant, as we are satisfied that the distinction does not exist. In the original complaint here the facts alleged "*were sufficient under the liberal principle of code pleading to sustain a quantum*

*meruit."* They may not be set forth with equal precision or proportionate elaboration to the Cox case but, of course, the question is not one of rhetoric. Indeed, having before us all the eight complaints in the Cox case, we think it is quite apparent that the pleader in each indulged in much unnecessary and redundant detail.

The essential point is that all the facts required to support a judgment on *quantum meruit* are found in the complaint filed in this case October 13, 1908. The substantive averment material here is: "That within two years next immediately preceding the commencement of this action, defendant became and was indebted to said Walter H. Fearn in the amount of $6,962.50 for and on account of professional services rendered by said Walter H. Fearn at the special instance and request of defendant herein at a stipulated and agreed rate and price, which said rate and price said defendant promised to pay to said Walter H. Fearn."

We have thus a sufficient statement of *quantum meruit* and the additional averment of an express promise to pay a certain amount. The complaint, in other words, would support a judgment on either of the theories mentioned. That the two theories were not set forth in separate counts is of no consequence as far as the question before us is concerned.

That all the necessary elements of a *quantum meruit* are exhibited in the original complaint follows from a consideration of *McFarland* v. *Holcomb*, 123 Cal. 84, [55 Pac. 761]. In that case the complaint alleged: "That William A. Holcomb was at the time of his death indebted to the plaintiff in the sum of seven thousand four hundred dollars as a balance due to plaintiff for nursing, boarding, lodging, counseling, advising and taking care of the said William A. Holcomb almost continuously from the twenty-ninth day of November, 1870, down to the fourth day of November, 1895, in the city and county of San Francisco, state of California." The court held that the complaint was sufficient and not obnoxious even to special demurrer for uncertainty. It was declared that "Under our system of pleading, when only the facts which constitute the cause of action are to be alleged, it is not requisite to aver either the consideration or promise, when they are implied as a legal conclusion from the facts which are alleged," and further: "In the present case the

nursing of the decedent by the plaintiff, and his acceptance from her of his board and lodging during the time specified, was a consideration sufficient to support the promise for compensation therefor which is implied in law, and to render him liable therefor." The promise implied by the law is, of course, to pay the reasonable value of the services. The complaint therein was therefore one in implied *assumpsit* and was emphatically approved by the supreme court. In the original complaint here we have the same common count but with the unnecessary additional allegation that the services were performed at *the special instance and request* of defendant.

Appellant attaches some significance to the fact that the simple rule of the code as to pleadings (Code Civ. Proc., sec. 426) was not observed in framing the original complaint, but it cannot be controverted that the common counts are not at all inconsistent with said rule. "It was held in this state at an early day, and has since been repeatedly held, that the common counts may be used to state a cause of action, notwithstanding the provision referred to, which was found in the old statute and was adopted into the code." (*Pleasant* v. *Samuels,* 114 Cal. 37, [45 Pac. 998], and cases cited.)

The original complaint containing, thus, all the essential facts of a *quantum meruit,* the more formal and elaborate statement of them thereafter in a separate count could not possibly be construed as the introduction of an entirely new cause of action.

As to the evidence, it may be said that the record is quite brief. The inference from Dr. Fearns's testimony is that the services were performed under an express agreement with appellant for the payment of ten dollars an hour. Appellant testified: "I never employed Walter H. Fearns to perform medical services for or on behalf of my brother, Peter Gopcevic, or for any other purposes or at all. I never promised to pay said Walter H. Fearns the sum of $10 per hour, or any other sum, nor did I promise to pay him the reasonable value thereof."

The court adopted the view that the services were performed for appellant but it rejected the theory of an express promise to pay ten dollars an hour or two hundred and forty dollars a day. Of course, any conscientious judge would

require the most convincing evidence of such contract before he would allow an enormous charge like that. Nor is it likely that he would hold $6,960 to be a reasonable charge for the services, even of a physician, for twenty-nine days. Nine hundred dollars seems much more consonant with just and fair dealing. As to the point that there is no evidence to sustain this finding, it is sufficient to say that there is no specification that the evidence was insufficient to show the value of the services. This probably accounts for any deficiency of the bill of exceptions in that respect, it not purporting to contain all the evidence.

But it is not correct to say that there is no evidence of the value of the services. Dr. Fearns testified that ''detention fees were $10.00 an hour'' and that, in response to appellant's statement: ''I want you to stay right here and not go away,'' he replied: ''Mr. Gopcevic, that is a very expensive proposition. The lowest charge I can make according to the fee bill is $10 per hour for detention.'' It is, of course, a fair presumption that the fee bill is an expression of the opinion of the profession that such services are worth that amount. It would be at least a legal inference from the doctor's testimony that his services were worth ten dollars an hour. This would manifestly support the finding of a less amount, to wit, the sum of nearly $1.30 per hour.

We find merit in the third point made by appellant. The court's conclusion being based upon an implied contract it was not proper, under the decisions, to allow interest before judgment. (*Cox* v. *McLaughlin*, 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100] ; *Erickson* v. *Stockton & Tuolumne Railroad Co.*, 148 Cal. 206, [82 Pac. 961] ; *Farnham* v. *California etc. Trust Co.*, 8 Cal. App. 266, [96 Pac. 788] ; *American Hawaiian etc. Co.* v. *Butler*, 17 Cal. App. 764, [122 Pac. 709].) A new trial, however, is not required for this reason.

The judgment is modified by striking therefrom the sum of $125.55 for interest and, as thus modified, the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.